105 So.2d 388 (1958)
Nola J. SHEDDEN and William J. Shedden, her husband, Appellants,
v.
YELLOW CAB COMPANY OF MIAMI, a Florida Corporation, Appellee.
No. 58-98.
District Court of Appeal of Florida. Third District.
October 2, 1958.
Frank B. Byron, Miami, for appellants.
Brown, Dean, Adams & Fischer and Charles K. George, Miami, for appellee.
PER CURIAM.
The appellants Nola J. Shedden and her husband William J. Shedden filed a tort action against the appellee Yellow Cab Company of Miami, seeking damages, for personal injuries to Mrs. Shedden and damages to her automobile, and for loss of services and consortium of his wife and for medical expenses occasioned by her injuries, by Mr. Shedden.
This was a rear end collision case, in which the Shedden automobile was struck from behind by a cab owned by appellee. Defendant denied negligence.
At the trial it was shown that Mrs. Shedden was a passenger in her automobile being driven by her husband; that while the Shedden automobile was halted for "two or three minutes" in a line of traffic, on Northwest 7th Avenue near the intersection of 69th Street, in the city of Miami, the defendant's cab was driven into the rear of the plaintiff's automobile, resulting in certain injuries and losses for which recovery was sought.
The court, at the close of the plaintiff's case, directed a verdict for the defendant, on the theory that plaintiffs had not proved negligence of the driver of defendant's cab.
In the case of McNulty v. Cusack, Fla. App. 1958, 104 So.2d 785, the Florida District Court of Appeal, Second District, speaking through Judge Allen, in an opinion filed August 29, 1958, held that a plaintiff's *389 proof of a rear end collision under circumstances such as were disclosed in this case raises a presumption of negligence of the driver of the car in the rear, on which a plaintiff would be entitled to recover, in the absence of an explanation by the defendant.
We observe that the able trial judge acted in this case without the benefit of the law as pronounced in the McNulty case, which had not then been decided.
According to the holding in McNulty v. Cusack, supra, the court erred in this case in granting the defendant's motion for directed verdict. The judgment appealed from is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.