PER CURIAM.
This was an action for personal injuries sustained by the appellant as a result of a rear-end automobile collision. At the conclusion of the appellants’ case, the court, upon appellee’s motion, directed a verdict in favor of the appellee, and a judgment was subsequently entered thereon, from which this appeal was taken.
The evidence adduced at the trial discloses that the appellant’s automobile had stopped in a lane of traffic preparatory to making a left turn and the appellant had indicated her intention to make a left turn by extending her arm and through the operation of a left blinker signal on her automobile. While the appellant’s automobile was stopped to allow oncoming traffic to clear in order that she could make a left turn, her automobile was struck from the rear by a taxicab owned by the appellee. The appellant testified that she did not see the appellee’s cab before it struck her automobile, nor did she have any knowledge of any acts on the part of the driver of the appellee’s cab prior to the collision. The court below directed a verdict in favor of the appellee for the reason that there was no proof of negligence on the part of the appellee’s driver but only proof that an accident occurred. Likewise, there was no proof or evidence of any negligent act on the part of the appellant prior to the collision.
Obviously the trial judge at the time of the direction of the verdict and the entry of the judgment thereon was without benefit of the decision in the case of McNulty *437 v. Cusack, Fla.App.1958, 104 So.2d 785. Likewise, he was unaware of the decision of this court in Shedden v. Yellow Cab Company of Miami, Fla.App. 1958, 105 So. 2d 388, wherein we followed the holding in the McNulty case. The facts in the Mc-Nulty and Shedden cases appear to be analogous to the facts in the case at bar. Therefore, the decisions in the aforesaid cases are conclusive of the questions presented on this appeal.
Accordingly, the judgment appealed from is reversed, and the cause is remanded for a new trial.
CARROLL, CHAS., C. J., HORTON, J., and STURGIS, WALLACE E., Associate Judge, concur.