119 So.2d 730 (1960)
George Z. RIANHARD, Appellant,
v.
Albert RICE, Appellee.
No. B-240.
District Court of Appeal of Florida. First District.
April 5, 1960.
Rehearing Denied May 9, 1960.
Jenkins & Jenkins, Gainesville, for appellant.
Lazonby, Dell, Graham & Willcox, Gainesville, for appellee.
STURGIS, Judge.
Plaintiff below, George Z. Rianhard, brings this appeal to review a summary final judgment in favor of the defendant, Albert Rice, in an action for negligence arising out of a collision between plaintiff's motorcycle and defendant's pick-up truck
*731 Defendant's proofs in support of his motion for summary judgment are to the effect that the collision occurred when his truck, being operated in a proper manner, was in the process of passing the motorcycle after having overtaken it; that the point of impact between the automobile and motorcycle was entirely on the west lane of the highway; that the road was straight, level, and clear of any other traffic; that the accident was due entirely to plaintiff's negligence in driving his motorcycle into the left (west) lane of traffic at the time defendant's truck was in that lane engaged in the act of passing; and that plaintiff acted so abruptly as not to permit the defendant an opportunity to avoid the collision.
Plaintiff's proofs in opposition to the motion for summary judgment reflect that he was operating his motorcycle in a proper manner and traveling north in his proper lane (east) along the highway when struck from the rear by defendant's truck. Plaintiff's proofs also reflect that other than as stated, he had no knowledge of the circumstances surrounding the accident; that he was at all times unaware of the presence of defendant's truck.
The order of the learned trial judge granting the motion for summary judgment states:
"The basic and determinative issue in this case is whether the collision occurred in the right or east lane of travel or in the left or west lane of travel * * * [that] there appears to be a complete absence of any competent and admissible evidence of negligence on the part of Defendant and even if some negligence on his part may possibly be inferred, there is no dispute in the physical evidence adduced by both Plaintiff and Defendant that the collision occurred in the left or west lane of travel so as to raise the presumption of negligence on the part of Plaintiff in violating the provisions of Section 317.37 F.S. [F.S.A.] [must give signal to turn or stop]. Plaintiff wholly fails to rebut the presumption by the evidence; therefore, in the least, contributory negligence is present."
It may be that upon a trial of this cause the evidence regarding contributory negligence will impel the trial court to direct a verdict for the defendant, but in so doing it will be confronted with entirely different considerations than when passing upon the motion for summary judgment.
In McNulty v. Cusack, Fla.App. 1958, 104 So.2d 785, and Shedden v. Yellow Cab Co. of Miami, Fla.App. 1958, 105 So.2d 388, it was held, in the limited field of rear-end collisions, that where the leading vehicle is located within its proper place on the highway, proof of an accident such as is here involved raises a presumption of negligence on the part of the overtaking vehicle. In essence, the presumption is one in aid of evidence. It is, moreover, a naked presumption which is dissipated upon the introduction of evidence reflecting due care on the part of the operator of the overtaking vehicle.
Applying the rule of the cited cases to the case on appeal, it is apparent that the proofs of the plaintiff to the effect that he was traveling in a proper manner on his own side of the road when struck from the rear by defendant's truck, as opposed to the conflicting proofs on behalf of the defendant, created a genuine issue of material fact, thus precluding entry of the summary judgment.
Reversed and remanded.
WIGGINTON, C.J., and LEWIS, E. CLAY, Jr., Associate Judge, concur.