136 So.2d 376 (1962)
Robert J. JESKEY, Appellant,
v.
YELLOW CAB COMPANY, Inc., a Florida Corporation, Appellee.
No. 61-40.
District Court of Appeal of Florida. Third District.
January 15, 1962.
Gotthardt, Christie & Shepard and Melvin Schaffer, Miami, for appellant.
Dean, Adams, Fischer & Gautier and Jeanne Heyward, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
CARROLL, Judge.
This action was brought by the driver of one taxi cab against the owner of another, for damages for personal injuries received when the two cabs were involved in a collision. The case was tried before a jury and a verdict was rendered for the defendant. Motion for new trial was denied, judgment entered on the verdict, and the plaintiff appealed.
Appellant contends that the trial court should have directed a verdict for him on liability; that there was no issue of contributory negligence; that it was error to admit into evidence a City Ordinance requiring a hand signal for stopping; that error resulted from admitting a picture of the car after repairs were made; and that a new trial should have been granted.
The cabs had picked up passengers at Miami International Airport and were proceeding downtown, one behind the other. The accident occurred on Northwest 7th Street, some 40 feet east of its intersection with LeJeune Road. The cabs travelled south on LeJeune and turned eastward, onto Northwest 7th Street. Their speed at that time was estimated at 12 to 15 miles per hour. A gasoline service station was located on the southeast corner of that intersection. According to plaintiff, though not seen by the defendant's driver, a car pulled out into 7th Street from the station and, instead of proceeding eastward with the flow of traffic, cut across 7th Street in front of plaintiff and went west. That, said plaintiff, caused him to stop suddenly. He did not extend his hand, but his brake lights signalled the stop. He did not look to the rear before stopping, so did not know the state of the traffic immediately behind. He testified, however, that he was stopped for 20 to 30 seconds before *377 his cab was struck from the rear. Defendant's driver testified that he was proceeding a car length-and-a-half behind the plaintiff; that he saw the brake lights and attempted to stop, but could not stop or maneuver in time to avoid collision. It should be noted that what happened was an unexpected stop at a location or place in the block where such a stop was unlikely. The passengers were not injured.
The trial judge was eminently correct in denying plaintiff's motion for a directed verdict on liability, and in denying the motion for new trial. Appellant cited and quoted from McNulty v. Cusack, Fla. App. 1958, 104 So.2d 785, where it was said:
"We agree with the circuit judge that the facts above stated created a presumption of negligence and not an inference of negligence, and that, in the absence of an explanation from the defendant, a verdict should have been directed by the lower court in favor of the plaintiff."
The appellee argued correctly that there was "an explanation from the defendant," which together with the circumstances of the accident, was sufficient to rebut the presumption and present issues of negligence and contributory negligence for determination by the jury.
We reject appellant's argument that the ordinance relating to the hand signal should not have been admitted. It was for the jury to determine whether the plaintiff's failure to give the hand signal was the proximate cause or a contributing proximate cause of the collision. That duty and prerogative of the jury was not removed by admission of the defendant's driver that he saw the brake lights, or because, when pressed on the point, he expressed the opinion that failure to give the hand signal made no difference. The effect of the hand signal, had it been given, was still problematic, especially if the jury chose to believe the defendant's driver was only a car length-and-a-half behind.[1] The photograph, admission of which was claimed by appellant to have been in error, was shown to be for a proper and limited purpose.
Affirmed.
NOTES
[1] See Catlett v. Chestnut, 107 Fla. 498, 146 So. 241 at 246, 91 A.L.R. 212. See also Christie v. Callahan, 75 U.S.App. D.C. 133, Cir.1941, 124 F.2d 825, 839-840; II Rest, Torts, S. 434, Comment C; McCormick, Evidence, S. 243 at p. 516; Wigmore, Evidence (3rd ed. 1940) S. 1921.