PEARSON, TILLMAN, Chief Judge.
The defendants appeal a final judgment entered subsequent to a directed verdict for the plaintiff on the issue of liability. The action was for personal injuries growing out of an automobile collision in which a truck owned by appellant-Firestone and driven by appellant-Miller struck the rear of plaintiff-appellee’s automobile. The defendants plead contributory negligence on the part of the plaintiff in making an unexpected stop. The trial judge directed the verdict on liability at the conclusion of all of the evidence.
*334 An examination of the defendant-driver’s testimony reveals that he knew the plaintiff was slowing down, and that the accident occurred when he attempted to pass the slowing automobile.[1]
In Jeskey v. Yellow Cab Co., Inc., Fla. App.1962, 136 So.2d 376, this court upheld the action of the trial judge in denying plaintiff’s motion for a directed verdict on liability in a rear-end collision case. While setting forth that a presumption of negligence arose from the facts involved, it was held that “an explanation from the defendant”, together with the circumstances of the accident, were sufficient to rebut the presumption and present issues of negligence and contributory negligence for determination by the jury. It is to be noted that in the Jeskey case, the plaintiff (driver of the preceding automobile) made a sudden stop to avoid a car which cut in front of him. The instant case, on the other hand, involves a situation where the driver of the following car (the defendant) knew the preceding car was slowing down and didn’t know what action it would take.
The second case which we think bears directly on point in the case upon appeal is Staicer v. Hall, Fla.App.1961, 130 So.2d 113. There was a rear-end collision at a traffic light after plaintiff and defendant had been manually signaled by a policeman to proceed. The court found that one disputed issue of fact was whether the plaintiff had been stopped an appreciable period of time at the moment of impact.. It was held that in view of the conflicting versions of plaintiff and defendant, it was within the jury’s province to determine the issues and render their verdict.
In the instant case there is a similar divergence between the testimony of the plaintiff and the defendant-driver. The defendant maintained that the plaintiff stopped suddenly in the lane of traffic. The plaintiff on the other hand testified to a gradual stop with the car almost off the road.[2]
The two cases cited require a reversal of the directed verdict for the plaintiff.
Reversed and remanded.
HORTON, J., dissents.

. From Transcript of Testimony:
“A Yes, sir. I decided to pass her. I didn’t know what she was going to do by slowing down, whether she had trouble or what, so I decided to pass her and glanced in the mirror, and glanced back, and she had stopped suddenfy. I made an attempt to avoid the accident by swinging to the left. I slapped on, applied the brakes as hard as I could, and the impact, I would say, was maybe at 8 or 9 miles an hour impact. I pushed her car ahead about six to eight feet.”

. The plaintiff-appellee urges that it affirmatively appears the sole proximate cause of the accident was the defendant-driver’s inattention to the vehicle which he was following during the time he was looking in his rear-view mirror. This issue is actually a restatement of the question of a sudden as opposed to a gradual stop.