157 So.2d 427 (1963)
THE GREYHOUND CORPORATION, A CORPORATION, APPELLANT,
v.
SUDELLA FORD, APPELLEE.
Nos. 3648, 3649.
District Court of Appeal of Florida, Second District.
October 4, 1963.
Rehearing Denied November 14, 1963.
*428 John W. Boult, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellant.
T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
ODOM, ARCHIE M., Associate Judge.
This is an appeal from a final judgment in a negligence action based on jury verdict for plaintiff, appellee.
Because of the nature of the questions involved in this appeal, it is unnecessary to go into great detail in discussing the facts presented to the jury. This case involved a "rear-end" collision  defendant, appellant, ran into the rear of appellee, plaintiff's car resulting in personal injuries to appellee. Both appellant and appellee presented evidence on the issue of negligence.
The first question raised in this appeal is directed at the instructions given to the jury by the trial court. The questioned charge is stated as follows:
"Now, if you find from the evidence that the Defendant, Greyhound Corporation, operated their bus that they were driving at the time of the accident, so that the driver was not able to stop before running into the rear of the automobile driven by the Plaintiff, then the Defendant is presumed to be guilty of negligence, and has the burden of showing by some reasonable explanation, that he was not negligent. That presumption raises however, only where the Plaintiff, that is the person in the front, is fully complying with the rules of the road and the law. In other words, that presumption would be present if you find the fact to be that the Plaintiff was fully complying with the law. The presumption would not be present in the event you find that the Plaintiff was not fully complying with the law as of that time that the accident or impact occurred. It is up to you to determine whether it has been explained away by the facts and circumstances surrounding the accident that have been given to you by the evidence here."
Is the presumption of negligence arising from a rear-end collision a proper subject for the jury to consider in arriving at a verdict or does it disappear when evidence is offered by the defendant to explain the accident?
The leading case on this subject is McNulty v. Cusack, Fla.App. 1958, 104 So.2d 785. The question in that case as stated by the Court was:
"Whether the showing of a rear-end collision and the circumstances under which it occurred, in the absence of explanation, gives rise to a presumption of negligence so as to authorize a directed verdict, or whether it only gives rise to an inference of negligence sufficient for presentation to the jury."
The Court answered the question in the following language:
"We agree with the circuit judge that the facts above stated created a presumption of negligence and not an inference of negligence and that, in the absence of an explanation from the defendant, a verdict should have been directed by the lower court in favor of the plaintiff."
The Court went further in the McNulty case with one statement which is important to the decision in the case at bar:
"If the defendant had a justifiable reason for not observing traffic rules, then it was his duty to go forward with the evidence to show that he was not negligent and thus, permit the case to go to a jury for the jury's determination on conflicting theories or facts."
It will be noted that this last quote from the McNulty case contains one duty for the defendant and one for the jury. The defendant must go forward with the evidence and the jury must decide the case on conflicting theories or facts.
*429 The case of Jeskey v. Yellow Cab Company, Fla.App. 1962, 136 So.2d 376, involved a rear-end collision. The facts in that case were briefly that plaintiff made a sudden stop because a car pulled out in front of him and that twenty to thirty seconds later defendant hit him from the rear. Defendant claimed he was following plaintiff by a car length-and-a-half and couldn't stop in time to avoid the collision. It was further noted that this was an unexpected stop at such a location where a stop was unlikely.
In upholding the trial judge in denying plaintiff's motion for a directed verdict on liability and motion for new trial based on the presumption as defined in the McNulty case the court said:
"The appellee (defendant) argued correctly that there was `an explanation from the defendant,' which together with the circumstances of the accident, was sufficient to rebut the presumption and present issues of negligence and contributory negligence for determination by the jury."
In the case of Rianhard v. Rice, Fla.App. 1960, 119 So.2d 730, contains this statement as to the effect of the rear-end collision presumption:
"In McNulty v. Cusack, Fla.App. 1958, 104 So.2d 785, and Shedden v. Yellow Cab Co. of Miami, Fla.App. 1958, 105 So.2d 388, it was held, in the limited field of rear-end collisions, that where the leading vehicle is located within its proper place on the highway, proof of an accident such as is here involved raises a presumption of negligence on the part of the overtaking vehicle. In essence, the presumption is one in aid of evidence. It is, moreover, a naked presumption which is dissipated upon the introduction of evidence reflecting due care on the part of the operator of the overtaking vehicle."
Summarizing these three cases we see that a presumption of negligence arises from a rear-end collision which 1., requires defendant to go forward with the evidence, McNulty case; 2., is a rebuttable presumption, Jeskey case; and 3., is a naked presumption which is dissipated upon the introduction of evidence reflecting due care, Rianhard case.
Section 768.05, Florida Statutes, F.S.A., provides as follows in part:
"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."
In construing the presumption there created the Supreme Court of Florida in Atlantic Coast Line R. Co. v. Voss (1939) 136 Fla. 32, 186 So. 199, stated:
"[I]f any material evidence is offered, by the railroad company tending to show the exercise of ordinary and reasonable care and diligence on its part, the presumption vanishes.
"In a controverted issue such as is presented here when the plaintiff puts on his evidence to support his charge of negligence and forthwith the defendant responds with evidence showing that it exercised ordinary and reasonable care and diligence, the presumption is out of the picture and is as if it were never in the statute. If there are conflicts in the evidence, it becomes the duty of the jury to reconcile them and reach a verdict without any reference whatever to the presumption created by the statute. Any suggestion to the jury that it then exists is prejudicial."
Section 51.12, Florida Statutes, F.S.A., provides in part:
"* * * Upon trial of any such action, the plaintiff therein, with respect *430 to the element of liability of said owner for such acts of said driver, shall be required only to prove by competent evidence the ownership of said vehicle and the driver thereof at the time of the alleged negligent operation of the same, to establish a presumption of liability of said owner for any such negligent acts of said driver in his operation of such vehicle, said presumption being subject to rebuttal by said owner by competent evidence within the limits of the facts set forth in the answer."
In construing this presumption the Supreme Court in Leonetti v. Boone, 1954, 74 So.2d 551, stated:
"The general rule in respect to the effect of a presumption such as is here involved may be stated as follows:
"`A presumption of law which arises upon the pleading or during the course of the trial after the introduction of evidence may aid a party in the discharge of the burden of proof cast upon him and shift to his adversary the burden of explanation or of going on with the case, but does not, as a general rule, shift the burden of proof; a presumption simply changes the order of proof to the extent that one upon whom it bears must meet or explain it away, and when such an explanation is made, the duty is upon the plaintiff to take up the burden which the law has cast upon him and sustain the issue by a preponderance of the evidence. A presumption which operates in the plaintiff's favor casts upon the defendant the burden of producing evidence to meet the plaintiff's prima facie case, and not the burden of proof in the sense of the risk of nonpersuasion, which remains with the plaintiff throughout the trial. * * *'"
It should be noted that in this case the trial judge gave an instruction on the presumption, then granted a motion for a new trial based on error in giving that instruction and was affirmed by the Supreme Court.
Appellee argues that the docrine of res ipsa loquitur should apply and the questioned instruction is proper based on that principal.
Orme v. Burr, 157 Fla. 378, 25 So.2d 870, contains this statement explaining the application of res ipsa loquitur:
"The case of Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 418, 57 L.Ed. 815, Ann.Cas. 1914D, 905, has caused a great deal of comment by courts and law writers, both for and against the position taken by Mr. Justice Pitney in that case. It was therein held that the doctrine of res ipsa loquitur does not have the effect, when applied, of shifting the burden of proof so as to make it necessary for the defendant to overcome the presumption of negligence by a preponderance of evidence that there was an absence of negligence on his part. In the opinion, it is said:
"`In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff.'"
In Yarbrough v. Ball U-Drive System, Fla. 1950, 48 So.2d 82, res ipsa loquitur was defined as follows:
"As we all know, the doctrine of res ipsa loquitur is merely a rule of evidence. *431 Under it an inference may arise in aid of the proof. Establishment of the facts that the instrument causing the injury was in the sole control of the defendant, that the occurrence would not have happened in the ordinary course of events had there been proper care on the defendant's part, provides evidence that the injury sprang from the defendant's negligence."
8 Am.Jur.2d, page 454, explains the difference between inferences and presumptions in this manner:
"In the trial of a motor vehicle accident case either party may be aided in his proof by presumptions which the law attaches to a given state of facts, or by inferences which are to be deduced, in accordance with the dictates of reason, from the facts adduced in evidence. It is well to note the true sense of the terms `presumption' and `inference,' since these terms are used by some courts loosely or interchangeably although they are different in nature and may be different in effect. An inference is regarded as a permissible deduction from the evidence before the court which the jury may accept or reject or accord such probative value as it desires, while a presumption is, characteristically, a rule of law, fixed and relatively definite in its scope and effect, which attaches to certain evidentiary facts and is productive of specific procedural consequences respecting the duty of proceeding with the evidence."
Res ipsa loquitur raises an inference of negligence not a presumption. The doctrine will support a jury verdict but not a directed verdict as does the presumption in the McNulty case, supra. Consequently, the doctrine of res ipsa loquitur does not apply in the case at bar.
It was error for the trial judge to give the questioned instruction. See Leonetti v. Boone, supra.
Appellant has raised one more question arguing that it was error for the trial court to exclude testimony showing appellee had received her total wages during the time of her incapacitation and also instructed the jury that loss of income was an item of damages for their consideration, when, there was in fact, no loss. Since this case was tried this court has adopted the "collateral source rule" in the case of Paradis v. Thomas, Fla.App. 1963, 150 So.2d 457, consequently, we find no error in the trial court's rulings in this matter.
Reversed and remanded for a new trial.
SMITH, C.J., and SHANNON, J., concur.