HENDRY, Judge.
The plaintiff, in a negligence action, appeals the final judgment in defendant’s favor predicated upon a jury verdict
The plaintiff was driving north on South Dixie Highway approaching the intersection of Sunset Drive which was controlled by a traffic light. The defendant was following the plaintiff, in his truck, approximately 100 feet behind. The plaintiff appeared to enter the intersection when the light was yellow,[1] and the defendant intended to follow the plaintiff through before the light turned red. Instead of proceeding through the intersection, the plaintiff changed his mind, came to a sudden stop and the defendant ran into the rear of the plaintiff’s car when he was unable to make a similarly sudden stop.
The plaintiff had a passenger in his car whose action against the defendant was consolidated with the plaintiff’s and tried together. The jury returned a verdict for the passenger against the defendant, and returned a verdict for the defendant in the plaintiff’s action.
Thé appellant claims error in the trial court’s failure to direct a verdict for the plaintiff at the end of the case, and the failure of the trial court to grant a judgment n. o. v. after the jury verdict was returned.
The basis of appellant’s argument in support of his motion for directed verdict is that the defendant’s explanation of the sudden stop is not substantial enough to rebut the presumption of negligence raised by the collision from the rear.[2]
It is apparent from the record that sufficient evidence was presented to rebut the presumption of negligence when the defendant raised the issue of a sudden stop.[3] Thereafter, the issue was one of fact for determination by the jury as to whether the plaintiff was guilty of contributory negligence, and in this case the jury so found.
The fact that the plaintiff’s passenger was awarded a verdict is no support for appellant’s motion for'judgment ni o. v., it only strengthens the logical basis for concluding that the jury found plaintiff guilty of contributory negligence.[4]
The judgment appealed is affirmed.
Affirmed.

. We accept the facts in the light most favorable to the jury verdict. Theriault v. Rogers, Fla.App.1964, 166 So.2d 820.

. Bellere v. Madsen, Fla.1959, 114 So.2d 619, 80 A.L.R.2d 1; Stark v. Vasquez, Fla.1964, 168 So.2d 140.

. Miller v. Griffin, Fla.App.1963, 154 So.2d 333; Jeskey v. Yellow Cab Co., Fla.App.1962, 136 So.2d 376.

. Accord Kokotoff v. Higman, Fla.App.1958, 101 So.2d 166.