HENDRY, Judge.
Plaintiff brought action seeking damages for personal injuries sustained in a “rear end” motor vehicle collision. The case was tried by a jury which returned a not guilty verdict in favor of the defendant. The plaintiff then successfully moved for a new trial and in the order granting same the trial court said:
“1. * * * The evidence indicated a definite rear end collision which raised a presumption of negligence; which presumption the Defendant failed to rebut.
“2. * * * The evidence introduced was insufficient to prove contributory negligence on the part of plaintiff.”
The evidence adduced at the trial concerning the circumstances leading up to the accident is conflicting. Plaintiff testified in essence that after having signalled he had brought his car to a stop and was awaiting an opportunity to make a left turn when defendant struck him in the rear. It was defendant’s testimony that after following behind plaintiff for some distance he attempted to pass whereupon without signalling plaintiff, who was also moving, suddenly cut to the left thereby causing the accident.
We find that defendant’s explanation as to how this accident happened is legally sufficient to both rebut the presumption of negligence and justify an inference of contributory negligence. Therefore the case was, in the first instance, properly submitted for jury determination.[1]
Unless the evidence as a whole points to only one possible conclusion, the trial judge is not warranted in setting aside a jury determination based on conflicting evidence.[2]
Accordingly, the order appealed is reversed with directions to reinstate the jury verdict
Reversed and remanded with directions.

. Stark v. Vasquez, Fla.1964, 168 So.2d 140; Bernstein v. Crossman, Fla.App. 1965, 172 So.2d 462 (opinion filed March 9,1965).

. See Alessi v. Farkas, Fla.App.1960, 118 So.2d 658.