HOBSON, Judge.
This appeal is from a final summary judgment entered in favor of the appellee, defendant below. Leffie H. Ritter was declared incompetent prior to the filing of the complaint in the lower court and L. W. Ritter was appointed as his guardian, thereafter filing suit in such capacity. At the time the complaint was filed David Brengle was named defendant but subsequently was killed in an automobile accident and the appellee herein was substituted as defendant in the court below.
The final summary judgment was based upon the pleadings, affidavits and depositions of Officer Moore and Robert T. Brengle. The final summary judgment recites:
“ * * * There are no witnesses to the occurrence which is the subject matter of this action, and it appearing to the Court that there is no dispute as to any material facts * *
Based upon the above-quoted findings the trial court entered a final summary judgment for the appellee.
It is well settled that when a party moves for summary judgment the burden of proof is upon the moving party and he not only admits the established facts favorable to the opposing party but also all favorable conclusions or inferences reasonably inferred from the evidence. This *9 was clearly set out in Prescott v. Erwin, Fla.App.1961, 133 So.2d 332:
“The courts are cautious in granting summary judgments in negligence cases, for negligence is usually for the determination of the jury. Saunders v. Kaplan, Fla.App., 101 So.2d 181. The burden of proof in a summary judgment is always on the moving party and all doubts must be resolved against him, Chirico v. Dew, Fla.App., 113 So.2d 597. The movant for summary judgment not only admits the basic facts established that are favorable to the adverse party, but also every conclusion or inference favorable to the adverse party that might be reasonably inferred from the evidence, Warring v. Winn-Dixie Stores, Inc., Fla. App., 105 So.2d 915.”
The record before the trial court showed that the defendant, David Brengle, was operating a Chevrolet pick-up truck in a northerly direction on State Road 25 on December 7, 1962, the date of the alleged automobile accident which was the subject of the suit. The deposition of Officer H. H. Moore showed that he investigated the accident and upon arriving at the scene he found a 1950 Chevrolet pick-up truck and a 1958 Volkswagen which were parked on the side of the road. He identified Leffie Ritter as the driver of the Volkswagen and David Brengle as the driver of the Chevrolet truck. Officer Moore, in answer to a question as to what he found at the scene of the accident, answered in part as follows:
“ * * * indications were that the— there was damage to the rear of the Volkswagen, more to the left portion than directly to the rear. And to the front of the Chevrolet pick-up truck, * * * ”
Further in his deposition Officer Moore testified:
“ * * * The headlight was busted out of the pick-up truck. The imprint of the front of the truck was fairly clearly visible into the rear of the bus # if: if: »
The officer further testified that the damage to the truck was more to the left front and that the left headlight was broken. The damage to the Volkswagen was to the left rear. He also found the glass from the left front headlight of the truck approximately 2 to 3 feet from the center line in the northbound traffic lane of State Road 25.
The deposition of Robert T. Brengle establishes that he was the father of David Brengle and that shortly after the accident on December 7, 1962, he and his son had a conversation concerning the accident. Robert T. Brengle testified as follows:
“Q Now, Mr. Brengle, would you tell us what your son told you about this accident and this occurrence?
“A As I remember — of course, there was not very much said because of the minor incident. We didn’t — there was not too much questioning. David was driving, I would say, somewhere in his truck — it had a capacity of about thirty-five or forty miles an hour — coming up from where he had been on some future farmers business, and he saw this truck up ahead, I understand, the lights, and it was slowed down and he slowed down too. As far as I know, if there was an impact, it was so minor that neither one thought anything of it in either car. And that they had waited there though to — David offered to wait there. In fact, the other man said no. In fact, they didn’t — they thought once they’d go on, thought they’d get a patrolman there.” (Emphasis supplied.)
The appellee contends that the above-quoted answer of Robert T. Brengle is hearsay and therefore not admissible. These words of David Brengle spoken to his father, Robert T. Brengle, come clearly within the admission-against-interest exception to the hearsay rule. This is true even though David Brengle is deceased *10 and the appellee has been substituted in his place. In 13 Fla.Jur. 227, Evidence, § 229, we find the following:
“Admissions against interest made by a person since deceased may be introduced against a person claiming under or in succession to the deceased declar-ant.” Citing Taylor v. Cory, Fla.1951, 53 So.2d 820.
Following the rule as set down in the Prescott case, supra, the reasonable inferences favorable to the appellant which can be drawn from the record before the trial court at the time of the entry of the final summary judgment are (1) Leffie Ritter was travelling in a northerly direction on State Road 25 in a proper manner and in his proper traffic lane; (2) David Brengle was travelling northbound on State Road 25 to the rear of Leffie Ritter; and (3) the left front of David Brengle’s pick-up truck collided with the left rear of Leffie Ritter’s Volkswagen when both vehicles were approximately 2 to 3 feet from the centerline of State Road 25 in the proper northbound lane.
The appellant contends that since the above enumerated reasonable inferences could rightfully be drawn by a jury from all of the facts before the trial court a genuine issue as to material facts arises precluding the entry of a final summary judgment. This contention is sound in law; however, if the reasonable inferences most favorable to the appellant as drawn from the record create a factual situation under which the appellant could not prevail as a matter of law, the entry of a summary final judgment would still be warranted.
Therefore, we now turn to the question of whether or not as a matter of law the appellant can or cannot prevail under the established facts and reasonable inferences drawn therefrom in his favor.
There is ample authority in Florida that negligence may be proved by circumstantial evidence. The Supreme Court of Florida in Chaney v. Headley, 1956, 90 So.2d 297, stated as follows:
“It is true that no witnesses were available who were watching the cars as they ran together, but we cannot because of the absence of witnesses hold that no recovery could have been allowed. We have said that lack of witnesses does not conclude the question of negligence, Dehon v. Heidt, Fla., 38 So.2d 39, and we subscribe to the view that negligence may be proved by circumstantial evidence. Voelker v. Combined Ins. Co. of America, Fla., 73 So.2d 403, 405; Felshin v. Sir, 149 Fla. 218, 5 So.2d 600.”
Further, it has been held that where the leading vehicle is located within its proper place on the highway, proof of a following vehicle running into its rear raises a presumption of negligence on the part of the overtaking vehicle. In Rianhard v. Rice, Fla.App.1960, 119 So.2d 730, it was held:
“In McNulty v. Cusack, Fla.App.1958, 104 So.2d 785, and Shedden v. Yellow Cab Co. of Miami, Fla.App.1958, 105 So.2d 388, it was held, in the limited field of rear-end collisions, that where the leading vehicle is located within its proper place on the highway, proof of an accident such as is here involved raises a presumption of negligence on the part of the overtaking vehicle. In essence, the presumption is one in aid of evidence. It is, moreover, a naked presumption which is dissipated upon the introduction of evidence reflecting due care on the part of the operator of the overtaking vehicle.”
This rule of law was amplified in Busbee v. Quarrier, Fla.App.1965, 172 So.2d 17, by Chief Judge Sturgis, who also authored the Rianhard case, supra.
In due respect for the Learned Trial Judge, the Busbee case was not reported until subsequent to the entry of his final summary judgment. The Busbee case sets *11 forth the law in the limited field of rear-end collisions as follows:
“This jurisdiction is committed to the rule that in the limited field of rear-end collisions, and where the leading vehicle is located within its proper place on the highway, proof of an accident such as is here involved raises a presumption of negligence on the part of the overtaking vehicle. Rianhard v. Rice, 119 So.2d 730 (Fla.App.1960); Shedden v. Yellow Cab Company of Miami, 105 So.2d 388 (Fla.App.1958); McNulty v. Cusack, 104 So.2d 785 (Fla.App.1958). Appellant insists that this rule is only applicable to a situation where the leading vehicle has lawfully come to a stop on the public highway and is struck from the rear by an overtaking vehicle. We do not think it is restricted to such a narrow construction. We hold that it is available to raise a naked presumption of negligence in any case where there is no direct testimony available and the facts are such as to raise a reasonable inference that the operator of the leading vehicle was exercising due care. Under such circumstances the operator of the overtaking vehicle is in the most favorable position to introduce evidence reflecting due care on his part, the effect of which is to dissipate the presumption. Attending this concept is the general rule that in the absence of evidence as to the circumstances attending an accident, one injured in his person or property through the negligence of another in the operation of a motor vehicle upon the highway will be presumed to have ttsed due care for his safety. Town of Palm Beach v. Hovey, 115 Fla. 644, 155 So. 808 (1934) ; Murden v. Miami Poultry & Egg Co., 113 Fla. 870, 152 So. 714 (1934); Blashfield, Vol. 9B, Cyclopedia of Automobile Law and Practice, section 6051.” (Emphasis supplied.)
From the record in this case and applying the law of the Busbee case, Leffie Ritter is presumed to have used due care for his safety. Further, a reasonable inference may be drawn from the record that David Brengle drove his pick-up truck into the rear of Leffie Ritter’s Volkswagen which was located within its proper place on the highway. This being so, a naked presumption of negligence on the part of David Brengle is raised which precludes the entry of a final summary judgment for the appellee.
For the foregoing reasons the final summary judgment is hereby reversed and the cause remanded for further proceedings.
ALLEN, C. J., and LILES, J., concur.