187 So.2d 397 (1966)
William SHAW, Appellant,
v.
Miles Bartow YORK, Appellee.
No. G-301.
District Court of Appeal of Florida. First District.
April 26, 1966.
Rehearing Denied June 29, 1966.
Marion R. Shepard, of Mathews, Osborne & Ehrlich, Jacksonville, for appellant.
Chandler, O'Neal, Carlisle, Avera & Gray, Gainesville, and Miller, Cone, Owen, *398 Wagner & Nugent, West Palm Beach, for appellee.
CARROLL, DONALD K., Judge.
The defendant in a negligence action has appealed from a final judgment entered by the Circuit Court for Dixie County based upon a jury verdict for the plaintiff.
The sole question for our consideration and determination in this appeal is whether in this rear-end collision case the trial court committed harmful error in giving to the jury, over general objection by the defendant, two instructions that had been requested by the plaintiff.
The present action arose from a rear-end collision that occurred in 1963 when an International truck and trailer, being operated by the defendant, William Shaw, collided with the rear of a Ford truck driven by the plaintiff, Miles Bartow York. The defendant testified at the trial that just before the said collision he was driving the said truck and trailer carrying a 17,000 pound load in a southerly direction on U.S. Highway 19 at a speed of some 20 to 30 miles per hour. At the place where the collision occurred some construction work was being done on the highway. At this point the truck driven by the plaintiff passed around the defendant's vehicle and, being faced with a northbound car, whipped over in front of the defendant and turned off the road to the right but left the tailgate on the plaintiff's truck sticking out into the paved portion of the highway. The defendant immediately tried to stop but did not have time, and so he cut his unit to the left, but the right front part of his trailer struck the tailgate on the plaintiff's truck. We comment here that, whatever the jury may have thought of the foregoing testimony of the defendant at the trial, we think that such testimony was legally sufficient to "rebut" or "dissipate" the presumption of negligence that arises in rear-end collision cases, which presumption we shall discuss in some depth later in this opinion.
The first of the jury instructions which are challenged in this appeal is the plaintiff's requested instruction number 8, which reads as follows:
"I charge you, Gentlemen of the Jury, that if you find from the evidence that the defendant operated his automobile so as to collide with the rear of the automobile in which the plaintiff was riding and at a time when plaintiff was obeying all traffic laws, then I instruct you that a presumption arises that the defendant was negligent and in the absence of reasonable explanation by said defendant, you are entitled to render a verdict for the plaintiff on those facts alone."
The second instruction that is the subject of this appeal is the plaintiff's requested instruction number 13, in which, according to the appellant's main brief, the trial court discusses the various kinds of damages awardable to the plaintiff after beginning: "The court instructs the Jury that the plaintiff is entitled to recover damages and losses incurred. * * *" Such an instruction, if given, would, of course, have been tantamount to a direction of a verdict for the plaintiff. The appellee, however, contends in his brief that no such instruction was given by the court, as shown in the transcript of trial proceedings. We agree with this contention, having read the said transcript and having found no such instruction reported therein. The closest we could come to the said instruction is one beginning: "I instruct you that if you find for the plaintiff, he would be entitled to recover damages for expenses and losses incurred. * * *" In any event, even if the court had given the instruction set forth in the appellant's brief, we think that the instructions given by the court, considered in their entirety, clearly stated the issues to be decided by the jury and the law applicable thereto, and unequivocally emphasized the rule that the burden was upon the plaintiff to prove by a preponderance of the evidence that the defendant was guilty of negligence that *399 proximately caused the plaintiff's injuries. For these reasons we cannot uphold appellant's said contention concerning the plaintiff's requested instruction number 13.
A different situation prevails, however, with reference to the above-quoted plaintiff's instruction number 8, which the transcript shows was given to the jury at the trial.
We think that the giving of plaintiff's requested instruction number 8 constituted error, although not necessarily harmful error, under the rules established in Florida concerning the presumption of negligence in rear-end collision cases.
In many cases the appellate courts of Florida, apparently beginning with McNulty v. Cusack, 104 So.2d 785 (Fla.App. 1958), have recognized and applied the rule that in rear-end automobile collision cases a presumption arises that the defendant driver of the following car was negligent. See, for instance, Bellere v. Madsen, 114 So.2d 619, 80 A.L.R.2d 1 (Fla. 1959), Pensacola Transit Co. v. Denton, 119 So.2d 296 (Fla.App. 1960), Greyhound Corp. v. Ford, 157 So.2d 427 (Fla.App. 1963), and Gulle v. Boggs, 174 So.2d 26 (Fla. 1965). In the last-cited cases the following corollary rules were recognized: that this presumption provides a prima facie case which shifts to the defendant the burden to go forward with the evidence to contradict or rebut the fact presumed; that, when the defendant has produced evidence which fairly and reasonably tends to show that the real fact is not as presumed, the impact of the presumption is "dissipated," and the question whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it "without the aid of the presumption." At this point, said the Supreme Court of Florida in Gulle v. Boggs, supra:
"* * * the entire matter should be deposited with the trier of the facts to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence.
"When the matter goes to the jury in this posture it must be without the aid of the presumption, which has been reduced to the status of a permissible inference or deduction which the jury may or may not draw from the evidence before it. Johnson v. Mills, Fla., 37 So.2d 906; Leonetti v. Boone, Fla., 74 So.2d 551; Tyrrell v. Prudential Insurance Company, 109 Vt. 6, 192 A. 184, 115 A.L.R. 392. As was stated in Tyrrell: `Presumptions disappear when facts appear; and facts are deemed to appear when evidence is introduced from which they may be found.'
"Thus, in the instant case when respondent Boggs as plaintiff proved that he had legally stopped at the stop light and that his car was struck from the rear, the law raised a presumption that the driver of the car which produced the collision was negligent. Without further proof, this was sufficient to impose upon the approaching driver the duty to explain by competent evidence that the occurrence was not the result of his negligence. When he produced evidence from which the fact of `no negligence' could be properly inferred by the jury, he had discharged his burden. The plaintiff could then, of course, offer available evidence in reply. The case would go to the jury on the basis of all of the evidence submitted, together with justifiable inferences  not presumptions  to be drawn therefrom. Thomason v. Miami Transit Co., Fla., 100 So.2d 620."
A similar conclusion was reached by the Second District Court of Appeal in Greyhound Corp. v. Ford, supra, in which the appellate court squarely faced the question of the propriety of the trial court's submitting to the jury the issue of negligence under an instruction which informed the jury of the presumption of negligence arising in a rear-end collision. In reversing *400 the judgment for the plaintiff the district court of appeal said:
"The first question raised in this appeal is directed at the instructions given to the jury by the trial court. The questioned charged is stated as follows:
"`Now, if you find from the evidence that the Defendant, Greyhound Corporation, operated their bus that they were driving at the time of the accident, so that the driver was not able to stop before running into the rear of the automobile driven by the Plaintiff, then the Defendant is presumed to be guilty of negligence, and has the burden of showing by some reasonable explanation, that he was not negligent. That presumption raises however, only where the Plaintiff, that is the person in the front, is fully complying with the rules of the road and the law. In other words, that presumption would be present if you find the fact to be that the Plaintiff was fully complying with the law. The presumption would not be present in the event you find that the Plaintiff was not fully complying with the law as of that time that the accident or impact occurred. It is up to you to determine whether it has been explained away by the facts and circumstances surrounding the accident that have been given to you by the evidence here.'
"Is the presumption of negligence arising from a rear-end collision a proper subject for the jury to consider in arriving at a verdict or does it disappear when evidence is offered by the defendant to explain the accident?
* * * * * *
"* * * a presumption of negligence arises from a rear-end collision which 1., requires defendant to go forward with the evidence, McNulty case; 2., is a rebuttable presumption, Jeskey case [Jeskey v. Yellow Cab Company, Fla.App., 136 So.2d 376]; and 3., is a naked presumption which is dissipated upon the introduction of evidence reflecting due care, Rianhard case [Rianhard v. Rice, Fla.App., 119 So.2d 730].
* * * * * *
"It was error for the trial judge to give the questioned instruction. See Leonetti v. Boone, supra."
Among other Florida decisions holding that it is error for the trial court to instruct the jury concerning the presumption of negligence in rear-end collisions when the defendant has adduced evidence rebutting that presumption, is our Supreme Court's decision in Leonetti v. Boone, 74 So.2d 551 (1954). To the same effect see Atlantic Coast Line Railroad Co. v. Voss, 136 Fla. 32, 186 So. 199 (1939).
In view of the foregoing authorities, we agree with the appellant's contention in the present appeal that it was error for the trial court to give to the jury the plaintiff's requested instruction number 8, which we quoted near the commencement of this opinion. Whatever harm the giving of that instruction might have caused, the harm was, we think, largely neutralized when considered in pari materia with the following charges which the trial court gave the jury shortly after giving the plaintiff's requested charge number 8:
"I charge you that no presumption of negligence arises against the defendant because of the happening of the accident or any resulting damage to the plaintiff.
"In other words, the happening of the accident does not speak for itself and the plaintiff in this case has the burden of proving negligence as claimed in his complaint and the plaintiff must also have been free from fault in the accident."
Other instructions given to the jury at the trial also made it clear, we think, that the issue of the defendant's negligence should be determined by the jury upon the basis of the evidence adduced at the trial.
*401 We conclude, therefore, that the trial court's giving of the plaintiff's requested charge number 8 constituted error but not such harmful error that would justify our reversal of the judgment appealed from herein.
For the foregoing reasons we hold the said judgment should be and it is
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.