HOBSON, Judge.
This is an appeal from a judgment entered on a jury verdict in favor of the de *841 fendant in a so-called “rear-end” automobile collision case. Plaintiff, Alice G. Keyser, was a gratuitous guest passenger in the vehicle struck by the defendant. The record and testimony show the car in which plaintiff was riding passed the defendant’s car which was travelling about forty-five miles an hour in the same direction. Shortly after overtaking defendant the driver of plaintiff’s car became apprehensive about colliding with a third car which had pulled onto the highway from a roadside fruit stand and either “slowed almost to a complete stop” or had “come to a complete stop.”
Defendant testified he saw the car which “wasn’t over three or four car lengths [in front of defendant] when it cut in front of me and just seemed to suddenly stop.” Defendant applied his brakes, which functioned properly, but his vehicle skidded into the rear of the other vehicle. Defendant testified that, “I immediately applied [my] brakes and I slid, and hit the right back of her car.”
At the conclusion of all the evidence, appellants moved for a directed verdict, which was denied. The jury returned a verdict for the defendant. Subsequently the appellants moved for an order to set aside the verdict and grant a new trial on damages only or in the alternative to set aside the verdict and grant a new trial on all issues. The plaintiffs’ motion for new trial was denied and this appeal ensued.
Plaintiffs raise two questions on appeal: (1) whether the evidence was sufficient to overcome the so-called “presumption of negligence” in a rear-end collision case, and (2) the propriety of the court’s instructions given regarding the statutory duty of the operator of the third vehicle here in question to yield to all vehicles approaching on said highway and plaintiff’s driver’s statutory duty to give appropriate signals, either by hand and arm or by signal device, when stopping or suddenly decreasing speed.
While the defendant argues that the facts and circumstances present herein do not warrant the application of “presumption of negligence” doctrine, we conclude it is not necessary to decide this particular point in that the testimony elicited, together with the circumstances of the accident, clearly dissipated any presumption should one have been created. See Jeskey v. Yellow Cab Company, Fla.App.1962, 136 So.2d 376; Bernstein v. Crossman, Fla.App. 1965, 172 So.2d 462; and Beason v. Evans, Fla.App.1965, 173 So.2d 516. Pensacola Transit Co. v. Denton, Fla.App.1960, 119 So.2d 296; and Stark v. Vasquez, Fla.1964, 168 So.2d 140.
Secondly, having read the entire record we hold that when the challenged instructions are weighed in light of the entire charge to the jury it is clear that the law was fairly presented to the jury. This standard has been previously set forth by this court in Staicer v. Hall, Fla.App.1961, 130 So.2d 113, at 114 as follows:
“In order to determine whether an instruction is erroneous it should be considered in connection with all the other instructions given, and the pleadings and evidence in the case. Georgia Southern & F. Ry. Co. v. Hamilton Lumber Co., 1912, 63 Fla. 150, 58 So. 838. So, in passing upon a single instruction, such instruction must be judged in the light of all other instructions given, bearing upon the same subject, and if when so judged, the law appears to have been fairly presented to the jury, an assignment of error based upon the instruction assailed cannot prevail. Seaboard Air Line R. Co. v. Haynes, Fla.1950, 47 So.2d 324.”
Judgment of defendant affirmed.
LILES, Acting C. J., and PIERCE, J., concur.