Susie **DORNTON**, and Frederick Dornton, her husband, and Frederick Dornton, Individually, Appellants,

v.

Estelle M. **DARBY**, Appellee.

No. 22899.

United States Court of Appeals
Fifth Circuit.

March 8, 1967.

**620**

Alan R. Schwartz, Miami, Fla., Horton & Schwartz, Miami, Fla., of counsel, for appellants.

Henry Burnett, Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel, for appellee.

Before JONES, WISDOM and GOLD-BERG, Circuit Judges.

**JONES, Circuit Judge:**

The appellants, Susie Dornton and Frederick Dornton, are wife and husband. Invoking Federal jurisdiction on diversity grounds they brought an action against the appellee, Estelle M. Darby, for personal injuries resulting from a rear end collision between the automobile of the appellants, driven by the husband and an automobile driven by the appellee. A motion for summary judgment was made by the appellee supported by her affidavit and the depositions of the appellants. The motion was granted and a summary judgment was entered for the appellee. The case is here on appeal from the summary judgment. We reach the conclusion that there are genuine issues as to material fact and it was error to grant the motion for summary judgment.

The appellee filed with her motion for summary judgment an affidavit that she was driving her car at about 3:50 P.M. on January 12, 1963, on U. S. Highway 1 in Broward County, Florida, "traveling within the speed limit in a line of traffic all proceeding at the same approximate speed and approximately one car length to the rear of a vehicle" operated by the husband appellant. She further stated that the vehicle ahead suddenly veered to its right, striking a metal light pole and coming to an immediate stop with the rear of the vehicle blocking about half of the traffic lane, and that the suddenness of the stopping of the car ahead prevented her from stopping or passing the car ahead. The appellee took the depositions of the appellants. Neither of them had any recollection of the accident or of the events immediately preceding it, although they were in good health just prior to the accident. Counsel for the appellee inquired of the husband appellant whether he had "suffered a blackout or fainting spell or dizziness before," thus suggesting that the "veering" of the appellant's car may have resulted from a blackout suffered by the appellant husband who was driving.

■ The substantive law to be applied is the law of Florida. The procedural rules are to be found in the Federal law. Issues of negligence, contributory negligence and probable cause cannot ordinarily be determined on summary judgment. St. John v. New Amsterdam Casualty Co., 5th Cir. 1966, 357 F.2d 327; Gauck v. Meleski, 5th Cir. 1965, 346 F.2d 433; Taff v. Singer Sewing Machine Co., 5th Cir. 1964, 331 F.2d 405.

■ A motorist traveling on a highway in a line of traffic has a duty to do more than keep within the speed limit. The duty is to keep the vehicle under such control as to avoid a collision with the car ahead which is being operated in a non-negligent manner. Where the forward vehicle is lawfully stopped and is struck by another car from the rear there is a rebuttable presumption that the approaching vehicle was negligently operated. Gulle v. Boggs, Fla., 174 So.2d 26; Beason v. Evans, Fla.App., 173 So. 2d 516; Busbee v. Quarrier, Fla.App., 172 So.2d 17, cert. den. 177 So.2d 474; Hott v. Funk, Fla.App., 165 So.2d 792, cert. dismissed 170 So.2d 588; Greyhound Corporation v. Ford, Fla.App., 157 So.2d 427; Jeskey v. Yellow Cab Co., Fla.App., 136 So.2d 376; Cooper v. Yellow Cab Co., Fla.App., 106 So.2d 436; Sheddan v. Yellow Cab Co., Fla.App., 105 So.2d 388; McNulty v. Cusack, Fla.App., 104 So.2d 785. It is a presumption that arises rather than a mere inference. It shifts the burden of going forward to the defendant. The Florida cases cited show that the presumption arises in cases where the lead car has stopped for a traffic light, in a line of traffic, to allow oncoming traffic to clear so as to make a left hand turn, to avoid a collision with a car ahead. The presumption is a rebuttable one, and when it is rebutted the issues presented are of negligence and contributory negligence and are generally to be determined by a jury. Gauck v. Meleski, supra; Jeskey v. Yellow Cab Co., supra.

■ We think it is a principle fairly to be adduced from the Florida cases cited that the presumption arises unless it appears that the operator of the forward car was at fault, or perhaps the rule is that the showing of fault on the part of the operator of the forward car serves to rebut the presumption.

■ It seems not unlikely that the evidence in this case would establish, or permit the drawing of an inference, that the husband-appellant blacked out and that this caused the car driven by him to veer into the light pole. It is well settled in Florida that a motorist who, without premonition or warning, has a sudden loss of consciousness from an unforeseen cause, loses control of his automobile and a collision results, is not chargeable with negligence. Bridges v. Speer, Fla., 79 So.2d 679; Baker v. Hausman, Fla., 68 So.2d 572; Tropical Exterminators, Inc. v. Murray, Fla.App., 171 So.2d 432, cert. den. 177 So.2d 475; Malcolm v. Patrick, Fla.App., 147 So.2d 188, cert. den. 148 So.2d 278; Williams v. Frohock, Fla.App., 114 So.2d 221.

■ In the posture of the case as it was before the district court and as it is before us, the driver of the rear car was operating it within the speed limit which may or may not have been a negligent speed under the circumstances. She was a car length behind the car of the appellants which may or may not have been an unreasonable distance to maintain and hence negligence. See Jeskey v. Yellow Cab Co., supra. The unexpected and sudden stop of the appellants' car might have been such a circumstance as would rebut the presumption against the driver of the rear car. It seems to us, that in the posture of the case as it comes to us, there are or may be questions of negligence, contributory negligence and possibly unavoidable accident. The solution of these questions requires an evidentiary trial. Gauck v. Meleski, 5th Cir. 1965, 346 F.2d 433.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.