PEARSON, Judge.
Mr. Sawyer, defendant in a rear-end collision case, seeks reversal of an order granting the Dawsons, plaintiff-appellees, a directed verdict on the question of liability and a new trial on the question of damages.
Mrs. Dawson testified, in essence, that on October 28, 1965, at about 11:50 A.M., she was driving south on Northwest 27th Avenue and stopped for a red traffic signal at the intersection of Northwest 27th Avenue and 167th Terrace. She was looking in her rear view mirror and saw the appellant’s car approaching at a speed of 30 to 35 miles an hour and making no attempt to stop. She moved up a little further and stopped again. When she looked back there was no one visible in the appellant’s car, which struck the rear of her car causing damage of slightly less than $50.00 to the car and causing her physical injury.
The appellant testified, in essence, that as he approached the intersection the traffic light was red and conditions were normal. He came to a full stop a normal distance behind Mrs. Dawson’s vehicle. One. of the appellant’s children had left a tennis ball in the car. When the appellant *766 stopped, the ball rolled forward and underneath the heel of his right foot, which was then on the brake pedal. He thought “This could cause an accident if I don’t get that out of there.” He was completely stopped when he reached down to remove the ball from under his foot but “apparently released enough tension on the brake pedal to coast forward” and strike the rear of Mrs. Dawson’s vehicle.
The jury brought in a verdict for the appellant. Upon motion of the appellees the trial judge directed a verdict for them upon the issue of liability and granted them a new trial upon the issue of damages. The grounds for granting the new trial were:
“A. The testimony of Robert E. Sawyer, which has been reviewed by the Court, leaves no inference other than that of negligence as a matter of law.
“B. The verdict of the jury was contrary to the manifest weight of the evidence.
“C. The jury failed to apply the applicable law to the evidence.”
A motion for a new trial is directed to the broad discretion of the trial judge. The appellant contends that the trial judge in the present case abused this broad discretion. But the conclusion of the trial judge that the verdict was contrary to the manifest weight of the evidence finds support in the record; we therefore hold that the appellant has failed to show that the trial judge in granting a new trial abused his broad discretion. Cloud v. Fallis, Fla.1959, 110 So.2d 669; Danek v. Hoffman, Fla.App.1966, 189 So.2d 893.
 The appellant’s last point involves the presumption of negligence in rear-end collisions. The driver of a vehicle which strikes the rear of another vehicle is presumed to be negligent; if the driver does not explain why his vehicle collided with the one in front of his, then he will be subject to having a verdict directed against him on the issue of liability. McNulty v. Cusack, Fla.App.1958, 104 So.2d 785. This presumption is dissipated if the driver’s explanation shows he was exercising due care. Rianhard v. Rice, Fla.App. 1960, 119 So.2d 730. The appellant urges that his explanation was sufficient to dissipate the presumption of negligence. We do not agree.
We have compared opinions in which Florida appellate courts have held that the explanations given were sufficient to dissipate the presumption of negligence [1] with opinions in which our courts have held the explanations to be insufficient to dissipate the presumption.[2] We conclude that the appellant’s explanation is more like the insufficient explanations than the sufficient ones.
The appellant did not deny that his car collided with the rear of Mrs. Dawson’s car. He did not deny the fact that the impact caused some property damage. The appellant argues that the jury rightly adopted his view that the impact was an unavoidable consequence of his prudent removal of the tennis ball from a danger zone, the area near the brake and accelerator. But we must agree with the trial judge that the appellant by admittedly driving his car with a loose ball rolling about on the floor initiated a chain of events which resulted in harm to the appellees.
We conclude that the trial judge had a proper basis for granting the appellees’ motion for a directed verdict upon the issue of liability.
Affirmed.

. Gulle v. Boggs, Fla.1965, 174 So.2d 26; Beason v. Evans, Fla.App.1965, 173 So.2d 516; Shaw v. York, Fla.App.1966, 187 So.2d 397; Keyser v. Brunette, Fla.App. 1966, 188 So.2d 840.

. Kimenker v. Greater Miami Car Rental, Inc., Fla.App.1959, 115 So.2d 191; Becker v. Adkins, Fla.App.1966, 184 So.2d 682; Stephens v. Dichtenmueller, Fla.App.1968, 207 So.2d 718.