PER CURIAM.
The defendants in a rear-end collision case (the driver and his employer) appeal from a final judgment for the plaintiff. The trial judge entered a summary judgment as to liability. Trial was had only on the issue of damages.
Defendants contend on this appeal that the trial court erred in entering the summary judgment as to liability because there was a genuine issue as to the driver’s negligence. They maintain that a jury could have found that a sudden stop by the plaintiff could have been a contributing cause of the collision. See Hott v. Funk, Fla.App. 1964, 165 So.2d 792; Bernstein v. Crossman, Fla.App. 1965, 172 So.2d 462.
The pleadings, answers to interrogatories, and depositions on file show there was no genuine 'issue of any material fact. We hold that the trial court correctly determined that the defendants were liable as a matter of law. The contention that the plaintiff’s lawful stop (caused by a change of traffic signal) was an unexpected stop is not supportable. See Sawyers v. Dawson, Fla.App.1968, 215 So.2d 764, and cases cited therein.
Affirmed.