PER CURIAM.
By these two appeals, we are called upon to pass upon the propriety of the trial court’s order granting a new trial in a personal injury action after a jury verdict in favor of the defendant, and also a subsequent order directing a verdict as to liability on the part of the defendant^
The trial judge grounded his order for a new trial on the basis that the verdict was contrary to the manifest weight of the evidence. This is a discretionary ruling [Cloud v. Fallis, Fla.1959, 110 So.2d 669; Volk v. Goetz, Fla.App.1968, 206 So. 2d 250; Sawyer v. Dawson, Fla.App.1968, 215 So.2d 764], and the trial judge should be sustained if the record on appeal reveals evidence to support this finding. Cloud v. Fallis, supra; Danek v. Hoffman, Fla.App.1966, 189 So.2d 893; Sawyer v. Daw son, supra; Leggett v. Seaboard Coast Line Railroad Company, Fla.App.1969, 221 So.2d 16.
Viewing the record on appeal in light of these principles, we find no error on the part of the trial judge in granting a new trial. However, we believe the new trial should be on all the issues made by the pleadings, both as to liability and damages. Therefore, we reverse the order directing a verdict in favor of the plaintiff on the issue of liability, and return the matter to the trial court for a trial on all the issues.
Affirmed in part; reversed in part and remanded to the trial court.