PER CURIAM.
This is an appeal by the plaintiff from a final judgment pursuant to a jury verdict for the defendant. Five points are presented, the first two of which urge error upon the admission of the testimony of a witness for the defendant. The first argument presented concerns the fact that the witness’s evidence was incompetent, and the second argument concerns the fact that the witness’s name was not on the pretrial inventory. Our review of the record fails to substantiate the plaintiff’s claim that the testimony was incompetent. See Florida Power Corporation v. Wenzel, 113 So.2d 747 (Fla. 2d DCA 1959); see also Davis v. State, 348 So.2d 1228 (Fla. 3d DCA 1977). With regard to the plaintiff’s second ground for exclusion of testimony, we find reversal on this basis to be precluded by the principles of waiver or invited error as set forth in Nadler v. Home Insurance Company, 339 So.2d 280 (Fla. 3d DCA 1976).
The point urging error upon the denial of plaintiff’s motion for a new trial because the jury’s verdict was against the manifest weight of the evidence does not present reversible error on this record. See Williams v. Bryant, 301 So.2d 505 (Fla. 3d DCA 1974); and B. W. Butler, Inc. v. Anderman, 279 So.2d 907 (Fla. 4th DCA 1973).
The remaining point going to the court’s refusal of the plaintiff’s motion to interview a juror does not present error. Cf. Shad v. Florida East Coast Railway Company, 236 So.2d 477 (Fla. 1st DCA 1970), and Petroleum Carriers Corp. v. Summerlin, 112 So.2d 12 (Fla. 2d DCA 1959).
Affirmed.