115 So.2d 191 (1959)
Sara L. KIMENKER and Morris S. Kimenker, her husband, Appellants,
v.
GREATER MIAMI CAR RENTAL, INC., a Florida corporation, Appellee.
No. 59-21.
District Court of Appeal of Florida. Third District.
October 1, 1959.
Rehearing Granted November 19, 1959.
Daniel G. Satin and Phillip Goldman, Miami, for appellants.
Brown, Dean, Adams & Fischer, Miami, for appellee.
PEARSON, Judge.
The appellants were plaintiffs in the trial court where they suffered an adverse verdict in an automobile personal injury action. They assign as error the denial of plaintiffs' motion for a directed verdict upon the issue of negligence. Sara and Morris Kimenker were passengers in a car which was struck in the rear by a car owned by Greater Miami Car Rental, Inc. The accident happened on a busy Saturday night on Flagler Street in Miami, Florida. Traffic was congested. The car in which the Kimenkers were passengers was stopped in a traffic lane as a result of a red light. The rental car was being driven in the same lane which was the right hand lane next to the parking lane. A bus attempted to pull into the congested traffic. The bus pulled from the curb when defendant's automobile was abreast of the bus. As the bus pulled out the defendant's car and the bus had a "close shave". The defendant's automobile swerved to the left in an attempt to avoid hitting the bus. The defendant's car did not change lanes nor *192 leave the lane that it was in. It struck the rear of the car in which the plaintiffs were passengers.
Neither Mr. or Mrs. Kimenker knew how the accident occurred. The only eyewitness who testified was the police officer directing traffic. The only defense witness was a police officer who investigated the accident. The defendant introduced as exhibits photographs of certain damage on his own car. The evidence established that this damage may have been caused by a scrape with the bus. There was no other evidence bearing on liability.
A jury verdict for the defendant cannot be supported upon this evidence. Plaintiffs made a motion for a directed verdict as to liability at the conclusion of all of the evidence. This motion was renewed after verdict and denied.
In the case of McNulty v. Cusack, Fla. App. 1958, 104 So.2d 785, 786, the District Court of Appeal of Florida, Second District, affirmed a jury verdict for the plaintiff. The court speaking through Judge Allen, found the principal question to be:
"Whether the showing of a rear-end collision and the circumstances under which it occurred, in the absence of explanation, gives rise to a presumption of negligence so as to authorize a directed verdict, or whether it only gives rise to an inference of negligence sufficient for presentation to the jury."
In deciding the question the court held:
"Was there sufficient evidence before the court to create a presumption of negligence on the part of the defendant so as to require him to go forward with testimony to show that he was not legally at fault in crashing into the back of plaintiff's car? We agree with the circuit judge that the facts above stated created a presumption of negligence and not an inference of negligence and that, in the absence of an explanation from the defendant, a verdict should have been directed by the lower court in favor of the plaintiff. We think the court could take judicial notice of the fact that it was the duty of both the plaintiff and the defendant to stop at the intersecting street when a traffic light was showing red. In this day of heavy motor traffic all over the nation, the youngest or the most careless motorist knows that it is negligence to go through a red light. In addition, the rules of the road would require the defendant, as he approached the intersection, to have his car under control so that he would not drive into the rear-end of a motorist obeying traffic signals by waiting for the red light to turn green. If the defendant had a justifiable reason for not observing traffic rules, then it was his duty to go forward with the evidence to show that he was not negligent and thus, permit the case to go to a jury for the jury's determination on conflicting theories or facts."
Accord, Bellere v. Madsen, Fla. 1959, 114 So.2d 619; Shedden v. Yellow Cab Co. of Miami, Fla.App. 1958, 105 So.2d 388; Cooper v. Yellow Cab. Co., Fla.App. 1958, 106 So.2d 436.
In the instant case the record is devoid of substantial evidence to rebut the presumption of negligence. The plaintiffs were entitled to a directed verdict on the issue of liability pursuant to their motion at the close of all the evidence.
The judgment for the defendant is therefore reversed and the cause remanded to the trial court with directions to enter an order granting plaintiff's motion for a directed verdict upon the issue of liability and granting plaintiff's motion for a new trial upon the issue of damages.
Reversed and remanded with directions.
HORTON, C.J., and CARROLL, CHAS., J., concur.

*193 On Petition for Rehearing
PER CURIAM.
Petition for rehearing has been granted, and after argument, the opinion of this court has been reviewed in the light of the authorities cited. The court adheres to the opinion previously filed.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.