300 So.2d 689 (1974)
Aurelio GUTIERREZ and Francisca Gutierrez, His Wife, Appellants,
v.
Orval H. MURDOCK et al., Appellees.
No. 74-139.
District Court of Appeal of Florida, Third District.
September 10, 1974.
Rehearing Denied October 14, 1974.
*690 Horton, Perse & Ginsberg, Rabin, Sassoon & Ratiner, Miami, for appellants.
Adams, George, Wood, Lee, Schulte & Thompson and David L. Willing, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and RAWLS, JOHN S., Associate Judge.
RAWLS, JOHN S., Associate Judge.
The case sub judice arose out of an automobile collision wherein the appellee, Orval H. Murdock, allegedly to avoid a collision with an unknown vehicle crossed over into oncoming traffic and crashed head-on into a vehicle driven by the appellant, Aurelio Gutierrez. In crossing into the oncoming lanes, appellee completely crossed one oncoming lane and entered into the second lane before impact. The cause was tried before a jury and, at the conclusion, the trial court [over appellants' objection] submitted the following special interrogatory verdict form to the jury:

 "1. Was there negligence on the part of the Defendant, ORVAL H.
 MURDOCK, which was a legal cause of injury to the Plaintiff, AURELIO
 GUTIERREZ?
 Yes ____
 No ____
 If so, what proportion, expressed in terms of percentage, does the
 negligence of the Defendant, ORVAL H. MURDOCK, bear to the total damages
 sustained by the Plaintiff, AURELIO GUTIERREZ?
 ____%
 "2. What is the total amount of damages sustained by the Plaintiff,
 AURELIO GUTIERREZ?
 $ ____
 "3. Multiply the total amount of damages in Question #2 by the percentage
 in Question #1. The result will be the amount of damages actually
 awarded to the Plaintiff, AURELIO GUTIERREZ.
 $ ______________ _______________________________ $ ________________
 (Total Damages) (% of Defendant's Negligence) (Damages awarded
 Plaintiff)"

Pursuant thereto, the jury found for the appellants, awarding them 10% of the amount of the damages which the jury determined the appellants' suffered.
*691 By this appeal, the appellants contend that this special verdict was erroneous. We agree, and hereby reverse.
The Supreme Court of Florida, in adopting the comparative negligence doctrine as the law of Florida, in Hoffman v. Jones, Fla. 1973, 280 So.2d 431, stated:
* * * * * *
"* * * In other words, the jury should apportion the negligence of the plaintiff and of the defendant; then in reaching the amount due the plaintiff, the jury should give the plaintiff only such an amount proportioned with his negligence and the negligence of the defendant. * * *" [emphasis added]
* * * * * *
Clearly then, in order to properly determine the award of damages, the jury must first determine both the negligence of the plaintiff and the defendant as related to each other. One might say that by inference the negligence of the plaintiff can be ascertained by merely deducting that percentage of negligence attributed by the jury to the defendant from 100%. However, that is not necessarily always true, but is dependent on the facts of each case.
In cases such as the case sub judice, where the existence of an unknown tortfeasor is injected into the proceeding, unless the verdict form submitted to the jury clearly requires an independent finding of negligence [if any] on the part of the plaintiff and on the part of the defendant to be apportioned between them, there exists the possibility that the jury might erroneously attempt to apportion the negligence between the defendant tortfeasor and the unknown tortfeasor, contrary to the holding in Issen v. Lincenberg, Fla. App. 1974, 293 So.2d 777. Therefore, a verdict form submitted to a jury should provide for a finding of the percentage of the negligence of both the plaintiff and the defendant as to each other to permit apportionment of damages.
In light of the foregoing, the judgment appealed is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded, with directions.