347 So.2d 656 (1977)
Alexander H. BRETHAUER and Donna Brethauer, Appellants,
v.
Richard D. BRASSELL, Hughes Supply, Inc., and Hartford Accident & Indemnity Company, a Foreign Corporation, Appellees.
No. 75-1342.
District Court of Appeal of Florida, Fourth District.
May 27, 1977.
Dennis J. Hightower, Whitaker & Koepke & Associates, Orlando, for appellants.
Elmo R. Hoffman and Ronald M. Owen, Hoffman, Hendry, Parker & Smith, Orlando, for appellees.
NEWELL, EMERY J., Associate Judge.
The plaintiffs, husband and wife, appellants herein filed a tort action against appellees for damages. At the conclusion of all the evidence, the plaintiffs moved for a directed verdict as to liability which was denied. After the jury returned a verdict for the defendants, the plaintiffs filed their Motion for Judgment in Accordance with the Motion for Directed Verdict and Motion for New Trial. The appeal is prosecuted from the trial court's denial of these post-trial motions.
The plaintiff had stopped his vehicle in the left-hand lane of southbound traffic behind two other vehicles who were also at a complete stop. All had stopped to await the passage of a vehicle making a left-hand turn in front of them. The highway at this point is two lanes southbound and two lanes northbound, with the north and southbound lanes being divided by a six foot asphalt median. It had rained and the road was damp. Defendant driver was driving a pick-up type truck, one to one and one-half tons in weight, when he struck the rear of plaintiff's vehicle. In the words of defendant, he struck plaintiff's vehicle "pretty close to square."
Defendant's only explanation for the accident was that he never saw the plaintiff's stopped car until moments before impact because his attention was fixed upon a car *657 immediately in front of him, which suddenly swerved and passed plaintiff's vehicle by driving on the median strip. Defendant testified there was nothing wrong with the mechanical condition of his truck.
Appellees recognize the principle of law that the rear-ending of a plaintiff who is lawfully stopped in traffic creates a rebuttable presumption of the defendant's negligence upon which the plaintiff is entitled to prevail in the absence of an explanation by the defendant. Once the plaintiff establishes a rear-end collision when the plaintiff was lawfully stopped, the burden of going forward with the evidence shifts to the defendant. McNulty v. Cusack, 104 So.2d 785 (Fla.2d DCA 1958), and Gulle v. Boggs, 174 So.2d 26 (Fla. 1965).
The question squarely presented in the instant case is whether the defendant has explained his inability to avoid the collision. We think not. A close examination of the language used by appellate courts in deciding similar cases reveals more definitive words than just "an explanation." In Gulle v. Boggs, supra, the court said:
"When the defendant produces evidence which fairly and reasonably (emphasis ours) tends to show that the real fact is not as presumed, then the impact of `the presumption is dissipated.'"
In Kimenker v. Greater Miami Car Rental, Inc., 115 So.2d 191 (Fla.3d DCA 1959), we find this explicit finding:
"In the instant case the record is devoid of any substantial (again our emphasis) evidence to rebut the presumption of negligence."
The defendant's "explanation" in the case at bar is, at best, a mere description of the nature of his distraction. It does not offer any substantial or reasonable explanation for his failure to avoid the collision.
The judgment for the defendant is, therefore, reversed and the cause remanded to the trial court with directions to enter an order granting plaintiffs' motion for a directed verdict upon the issue of liability and granting plaintiffs' motion for a new trial upon the issue of damages.
REVERSED and REMANDED.
CROSS and ALDERMAN, JJ., concur.