370 So.2d 103 (1979)
Elton COWART, Appellant,
v.
Colleen BARNES and United Services Automobile Association, Appellees.
No. KK-87.
District Court of Appeal of Florida, First District.
May 2, 1979.
Rehearing Denied May 21, 1979.
*104 David R. Lewis of Lewis, Paul, Isaac & Castillo, Jacksonville, for appellant.
John N. Bryant and Carl K. Staas of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellees.
MILLS, Acting Chief Judge.
Appellant (Cowart) seeks reversal of a judgment entered in favor of appellee (Barnes) following a jury trial in an automobile personal injury case.
Cowart contends the trial court erred in denying his motion for a directed verdict on liability. We agree and reverse.
Cowart testified that he stopped his automobile for a red light and was struck from the rear by Barnes' automobile.
Barnes testified that Cowart stopped on the caution light; that she thought he would run the caution light and that was her intention too; that when the Cowart automobile stopped sharply, she rear-ended his auto. Barnes was charged with and pled guilty to careless driving.
At the close of all the evidence, the court denied Cowart's motion for a directed verdict.
A rear-end automobile collision raises a presumption of negligence on the part of the following automobile if the lead vehicle is in its proper place on the highway. McNulty v. Cusack, 104 So.2d 785 (Fla.3d DCA 1958). This presumption of negligence is a rebuttable presumption. Gulle v. Boggs, 174 So.2d 26 (Fla. 1965).
Under the facts of this case the presumption of negligence was not rebutted by Barnes and the court should have directed a verdict on liability for Cowart. Brethauer v. Brassell, 347 So.2d 656 (Fla.4th DCA 1977); Kimenker v. Greater Miami Car Rental, 115 So.2d 191 (Fla.3d DCA 1959).
We reverse the judgment and remand to the trial court with instructions to enter judgment on liability for Cowart and to grant a new trial to Cowart limited to the issue of his damages.
Petition for rehearing, if filed, shall be filed within 10 days from the date hereof.
SMITH, LARRY G., J., concurs.
BOOTH, J., dissents.
BOOTH, Judge, dissenting.
I would affirm the judgment entered on the jury verdict below.[1] The jury was entitled to find that plaintiff's back injury was not caused by the slight impact of the subject accident, but resulted either from his prior automobile accident or from a subsequent accident which occurred while plaintiff was attempting to fix a pipe under his house.
In Chomont v. Ward, 103 So.2d 635 (Fla. 1958), the Florida Supreme Court affirmed a jury verdict for defendant in a case where defendant was at fault in backing his vehicle out of a driveway into the side of plaintiff's car. In affirming the verdict for defendant, the court held:
Appellant contends that the proof of negligence was actually not in dispute. This being so he seeks reversal on the proposition that the jury capriciously failed to award him damages despite the fact it was admitted that he suffered damages to his automobile to the extent of $34.00 ...[[2]]
.....

*105 We should not lose sight of the rule that the mere fact of the happening of an accident or even the fact that negligence is shown will not in and of themselves produce a right to recover damages. The party seeking recovery must prove the extent of his injuries and that they were proximately caused by the negligence of his adversary. Two things combine to create the right of action. One is proof of negligence. The other is proof of injury and damage proximately caused by the negligence proved.
.....
It may be that it we had been sitting in the jury box, we as individuals might have accepted Mr. Chomont's narrative of events including his physical injuries. Under the circumstances reflected by the record, however, we think the jury acted within the orbit of its own authority when it obviously decided not to accept it. We cannot say that they were wrong and we, therefore, cannot hold the trial judge in error for declining to grant a new trial on the motion filed by the appellant.
The rule of the Chomont case remains the law in Florida under the doctrine of comparative negligence.[3]
I respectfully dissent.
NOTES
[1] The jury verdict: "We, the Jury, find that defendant Colleen Barnes was not guilty of negligence which caused or contributed to causing loss or damage to plaintiff, Elton Cowart."
[2] The record here contains no evidence which would support a jury verdict for property damages. In Chomont, any error as to the jury's failure to award the $34 admitted property damage was held not preserved for appeal.
[3] University Community Hospital v. Martin, 328 So.2d 858, 861 (Fla. 2nd DCA 1976).