384 So.2d 175 (1980)
June L. CHILES, Richard Robert Hoffenkamp and Florida Lime and Materials Corporation, Appellants,
v.
Paul BEAUDOIN, Appellee.
No. 79-1498.
District Court of Appeal of Florida, Second District.
May 9, 1980.
Rehearing Denied June 5, 1980.
*176 Raymond T. Elligett, Jr. and Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellants.
Michael J. Meksraitis, Peter M. DeManio, Sarasota, and Edna L. Caruso, West Palm Beach, for appellee.
GRIMES, Chief Judge.
The defendants in a vehicular negligence action appeal from an adverse final judgment based upon a jury verdict. They challenge the court's award of a partial summary judgment on the issue of liability and an evidentiary ruling with respect to damages made during the trial.
In his deposition filed prior to the motion for summary judgment, defendant Hoffenkamp testified that he had stopped for a traffic light, that a van driven by the plaintiff, Mr. Beaudoin, was in front of him and that there was a car in front of the van. When the light changed, the three vehicles moved through the intersection. Shortly thereafter the car in front of the plaintiff's van began to turn into a plaza. Mr. Hoffenkamp stated that he took his eyes off the road for a second and when he looked up he saw the taillights on the van. He then hit his brakes and turned his wheels so as to miss the van, but he was unsuccessful *177 in this maneuver. The testimony which Mr. Beaudoin gave in his deposition was essentially similar. He stated that the woman in the car in front of him suddenly stopped and turned left without giving any signal. This required him to make a sudden stop, and he was immediately struck from behind by Hoffenkamp's truck.
When a defendant runs into the rear of a plaintiff's automobile which is lawfully stopped in traffic, there is a presumption of negligence on the part of the defendant upon which the plaintiff is entitled to recover in the absence of an explanation by the defendant. Once the plaintiff establishes that he was rear-ended while lawfully stopped, the burden of going forward with the evidence shifts to the defendant. Gulle v. Boggs, 174 So.2d 26 (Fla. 1965); McNulty v. Cusack, 104 So.2d 785 (Fla. 2d DCA 1958); Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977). However, where the defendant shows that he was proceeding in a line of traffic and that the sudden stop of the vehicle ahead of him precipitated his failure to avoid the collision, the presumption is dissipated and the court should submit the case to the jury under ordinary rules of negligence. Keyser v. Brunette, 188 So.2d 840 (Fla. 2d DCA 1966); Hott v. Funk, 165 So.2d 792 (Fla. 2d DCA 1964); Jeskey v. Yellow Cab Co., 136 So.2d 376 (Fla. 3d DCA 1962).
In order to avoid the quick stop exception to the presumption of rear-end negligence, the plaintiff points to the following portion of Mr. Hoffenkamp's deposition testimony:
Q How did this collision occur?
A Well, I stopped at the stop light, and there was  the van was in front of me, and there was a car in front of him.
Q Uh-huh.
A When we took off, we got through the intersection, and the car in front of the van was going to turn into a plaza.
Well, I went through the intersection to make sure there was no one turning, and for just a split second, I had took my eyes off the road, and when I looked up, I seen the taillights on that van, and I hit my brakes and turned the wheel to miss him, and I caught his corner, just nicked his corner of the van.
The plaintiff argues that this demonstrates that Mr. Hoffenkamp knew the first car was going to turn into the plaza before the plaintiff stopped and thus he should have been prepared for the stop. While the quoted testimony, by itself, may be susceptible of such a conclusion, when it is read together with the balance of the deposition the more logical interpretation is that Mr. Hoffenkamp was merely giving a narrative of what, in fact, had happened as opposed to what he knew was going to happen. Mr. Beaudoin's deposition testimony that the car in front of him stopped suddenly without any warning lends support to this version. In any event, the conflicting interpretations which could be placed on Mr. Hoffenkamp's testimony were sufficient to preclude the entry of summary judgment. See Rauschbaum v. Goldstein, 204 So.2d 897 (Fla. 4th DCA 1967).
The major issue on damages in this case was whether the plaintiff suffered a ruptured thoracic disc as a result of the accident. The plaintiff offered the testimony of two doctors. Dr. Horace Norrell who had first seen the plaintiff about five months after the accident was asked a hypothetical question concerning whether the plaintiff's ruptured disc was related to the accident. In the hypothetical, counsel requested that Dr. Norrell assume that the plaintiff felt back pain immediately after the accident. The defendant objected to the hypothetical question because of the lack of evidence that the plaintiff had suffered back pain at the time of the accident. The court overruled the objection upon the promise of plaintiff's counsel that such evidence would be forthcoming, and Dr. Norrell rendered an opinion that the ruptured disc was related to the accident.
The problem arises from the fact that when the plaintiff took the stand he denied that he had suffered back pain immediately after the accident. In fact, he said that his back did not hurt at all for at least two or *178 three weeks following the accident. At the close of this testimony which concluded the plaintiff's case, the defendants moved to strike the testimony of Dr. Norrell as to causation on the ground that an essential fact of the hypothetical question had not been proven. The court's refusal to grant this motion constituted the heart of the defendant's motion for new trial. In denying the motion for new trial, the court stated:
The Court finds that the opinion rendered by the medical expert was on a critical issue, i.e., causal of [sic] connection between the injuries complained of and the accident out of which this action arose. The Court further finds that the missing fact, viz., complaints of back pains immediately following the accident, was not proved.
In view of the foregoing the Court would have certainly sustained an objection to the doctor rendering an opinion based on missing facts. The Court, however, permitted the doctor to testify on the representation of plaintiff's counsel that the fact would be established subsequently. It was not.
The hypothetical question posed a multitude of facts, as unfortunately they usually do; the missing fact, while on an important point, was only one of numerous relevant facts encompassed within the hypothetical question.
The Court upon consideration of the authorities cited by plaintiff and defendants determines that while it was error to permit the expert to render an opinion based upon the hypothetical question, this error was not so prejudicial as to justify a new trial.
The court's acknowledgment that it should not have permitted Dr. Norrell to give his opinion on causation accords with the well-settled rule that assumptions of fact in a hypothetical question asked of an expert witness must be based upon facts established in the record. Autrey v. Carroll, 240 So.2d 474, 476 (Fla. 1970); Steiger v. Massachusetts Casualty Insurance Co., 273 So.2d 4, 6 (Fla. 3d DCA 1973); Young v. Pyle, 145 So.2d 503, 504 (Fla. 1st DCA 1962). The facts need not be undisputed, but they must be supported by competent substantial evidence. Seibels, Bruce & Co. v. Giddings, 264 So.2d 103 (Fla. 3d DCA 1972). Here, then, the court properly recognized its error, but it concluded that the error was not so prejudicial as to require a new trial. It is the latter conclusion with which we must disagree.
The question of whether the plaintiff suffered back pain immediately after the accident was of paramount importance to the medical opinion as to whether the disc injury was accident related. This is highlighted by the deposition testimony of Dr. Kenneth Kahn who said that the reason he felt there was a relationship between the accident and Mr. Beaudoin's ruptured disc was "the onset of this pain very shortly after injury, and the pain remaining stable in that area that was appropriate for this."
Obviously, there are some cases in which the improper admission of opinion evidence may be harmless because the facts sought to be established by the opinion have been conclusively proven by other witnesses. E.g., Delta Rent-A-Car, Inc. v. Rihl, 218 So.2d 469 (Fla. 4th DCA 1969). However, had the court stricken Dr. Norrell's opinion, the only remaining support for plaintiff's contention that the accident caused his ruptured disc was the testimony of Dr. Kahn, and while Dr. Kahn's opinion was admitted without objection, it too was predicated upon the same questionable premise. Under these circumstances, we find it difficult to conceive that the error of refusing to strike Dr. Norrell's opinion was not prejudicial.
The plaintiff's suggestion that the court cured the error by instructing the jury that it could reject the opinion of an expert witness if it found that the facts upon which he based his opinion had not been proven is without merit. The court should have directed the jury to disregard Dr. Norrell's opinion because it was based upon an essential fact not proven.
*179 We reverse the judgment of the trial court and remand the case for a trial on the issues of both liability and damages.
HOBSON and DANAHY, JJ., concur.