390 So.2d 750 (1980)
Lillian M. BAUGHMAN and Jack R. Baughman, Her Husband, Appellants,
v.
Ernest William VANN, L & M Paving and Construction Co., a Corporation, and Hartford Accident & Indemnity Co., a Corporation, Appellees.
No. 79-322.
District Court of Appeal of Florida, Fifth District.
October 29, 1980.
Rehearing Denied December 5, 1980.
*751 H. Charles Woerner, Jr. and Daniel S. Wallace of Woerner & Wallace, South Daytona, for appellants.
Leon Handley and W. Marvin Hardy, III of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
COWART, Judge.
Appellant Lillian Baughman was either stopping or had stopped at a traffic light when the vehicle she was driving was struck from the rear by a truck driven by appellee Vann and owned by appellee L & M Paving Co. and insured by appellee Hartford Accident & Indemnity Co. Appellant filed suit and at trial her motion for a directed verdict as to liability was denied. Appellant takes this appeal from a judgment based on a jury verdict for appellees. We reverse.
When a leading vehicle is located within its proper place on the highway, proof of a rear-end collision raises a presumption of negligence on the part of the overtaking vehicle. Stephens v. Dichtenmueller, 207 So.2d 718 (Fla. 4th DCA 1968); Rianhard v. Rice, 119 So.2d 730 (Fla. 1st DCA 1960). This presumption provides a prima facie case which shifts to the defendant the burden to come forward with evidence to contradict or rebut the presumed negligence. If the defendant produces evidence that fairly and reasonably shows that he was not negligent, the effect of the presumption disappears and negligence then becomes a jury question. Gulle v. Boggs, 174 So.2d 26 (Fla. 1965); Shaw v. York, 187 So.2d 397 (Fla. 1st DCA 1966). The burden on the defendant is not to come up with just any explanation, but one which is "substantial and reasonable." Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977).
*752 The only explanation offered to rebut the presumption of negligence was the suggestion of the involvement of a "phantom vehicle;" this was based on an accident report, which was inadmissible under section 316.066, Florida Statutes, and on a police officer's opinion based on hearsay, which was likewise inadmissible. State v. Inman, 347 So.2d 791 (Fla. 3d DCA 1977), cert. denied 355 So.2d 517 (Fla. 1978); Smith v. Frisch's Big Boy, Inc., 208 So.2d 310 (Fla. 2d DCA 1968).
The judgment is reversed and the cause is remanded with directions to enter a directed verdict for appellant on the issue of liability and for a new trial on the issue of damages.
REVERSED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.