COWART, Judge.
A vehicle operated by Margaret Hamilton and in which appellant, Marvine Francis, was a passenger, collided with the rear of a stopped or stopping vehicle operated by Kenneth Lee Smith and was soon in turn struck from the rear by a vehicle operated by appellee George La Pierre. Francis sued La Pierre but not Hamilton nor Smith.
The trial judge instructed the jury that La Pierre was negligent and that the issue was whether such negligence was the legal cause of any no-fault threshold-injuries sustained by Francis. The jury was also instructed that if Francis’ injuries resulted from two accidents occurring about simultaneously the jury should apportion the damages, if they could, but, if not, the entire damages should be put on La Pierre. During closing argument Francis’ counsel addressed the question of apportionment between the two impacts. In reply defense counsel in closing argument suggested that if Francis did not recover from La Pierre she could still sue Hamilton or Smith. Francis’ counsel then responded to that suggestion and the trial court gave a final[1] curative instruction to the jury directing them not to consider any possible future lawsuits either party might bring. The jury, by special verdict, found that La Pierre’s negligence was not the proximate cause of Francis’ injuries.
On appeal Francis complains (1) of improper argument of defense counsel; (2) that the trial court failed to restrict argument to comparative negligence between appellant and appellees; and (3) that the trial court failed to direct a verdict on the issue of liability.
Although appellee has filed no brief we have carefully reviewed appellant’s brief and the relevant record and, finding no reversible error, we affirm.
The trial court correctly directed a verdict finding that Francis was guilty of no negligence [2] and that La Pierre was negligent.[3] Francis contends that this left but two issues, no-fault threshold and, if met, the amount of her damages. She further *472 cites Gutierrez v. Murdock, 300 So.2d 689 (Fla. 3d DCA 1974), and contends the trial court erred in not limiting the jury’s finding to the negligence of Francis and La Pierre as related to each other, where, as here and in Gutierrez, defense counsel interjects the issue of the possible negligence of other potential tortfeasors.
In Gutierrez, a two car collision, the defendant Murdock contended that to avoid collision with an unknown vehicle he crossed over into oncoming traffic and crashed head-on into the vehicle driven by the plaintiff Gutierrez. The special verdict form there asked what percentage did the defendant’s negligence bear to the plaintiff’s damages. This erroneously left the jury to either compare the defendant’s negligence with that of the plaintiff or with the negligence of the unknown driver of the unknown vehicle. Gutierrez differs from this case in two particulars: The plaintiff Gutierrez was an operator and could have been guilty of negligence; here Francis was a passenger whose lack of negligence had been determined as a matter of law. More importantly, if Murdock’s negligence combined with that of another unknown driver they were joint tortfeasors because there was but one collision and under present Florida law their liability would have been joint and severable and unapportionable as to the plaintiff Gutierrez. By contrast, in this case, there was no unknown third party whose negligence might have contributed to Francis’ damages. There were two collisions either or both of which could have caused Francis’ injuries. The first collision could have been caused by either Hamilton or Smith, or both, but not by La Pierre. The second collision could have been caused by La Pierre’s negligence either alone or in combination with negligence of Hamilton or Smith, or both.
No intelligent jury inquiry into, or counsel argument upon, the possible causes of Francis’ injuries could be made without a consideration of the facts including the possibility that Francis did not suffer the minimum injuries required by law for recovery, and that, if she did, they may have resulted solely from the negligence of Hamilton or Smith in causing the first of the two collisions. The trial court correctly declined to rule as a matter of law that Francis suffered injuries in excess of the legal threshold necessary to recover. The trial court also correctly refused to rule as a matter of law that Francis’ injuries, if any, were caused by the second collision, for which La Pierre was liable, as distinguished from the first collision, for which La Pierre was not liable. Those questions of fact, involving the type and amount of injuries and causation, were correctly left by the trial judge to the jury.
AFFIRMED.
COBB and SHARP, JJ., concur.

.Florida Rules of Civil Procedure 1.470(b) provides that the court will charge the jury after the arguments are completed. However, in this case, the trial judge, in an extra effort to aid the jury to apply the law to the facts, gave the usual instructions to the jury before counsel’s final argument.

. In this case, as in Issen v. Lincenberg, 293 So.2d 777 (Fla. 3d DCA 1974), Francis, being a passenger, was not guilty of any negligence contributing to cause her injuries.

. See, e. g., Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980).