PER CURIAM.
Appellant appeals the trial judge’s denial of her motion for directed verdict on the issue of liability and the denial of her motion for new trial. We affirm.
Appellant’s vehicle was struck from the rear, by a vehicle driven by appellee. The evidence at trial showed that both vehicles were in a line of traffic travelling over a bridge. As appellant’s vehicle reached the *358 top of the bridge, she noticed that construction work on the other side had cars stopped and backed up to the top of the bridge. When she stopped, her car was struck by appellee’s vehicle. Appellant’s daughter was thrown from the back seat, over the front seat, to the front floor board at or prior to the moment of impact. The evidence indicated that the collision of the two vehicles involved minor force. There were no skid marks reported in the highway patrol accident report. However, appellee testified there were several feet of skid marks left by his stop.
Appellee testified that appellant stopped so suddenly he was unable to avoid the collision. Appellant, of course, denied this. We conclude this and other conflicting testimony presented an issue of fact to be determined by the jury, and the court was therefore correct in denying appellant’s motion for directed verdict. See Chiles v. Beaudoin, 384 So.2d 175 (Fla. 2d DCA 1980); Lubliner v. Gabrilowitz, 393 So.2d 46 (Fla. 3d DCA 1981).
In the case of Cowart v. Barnes, 370 So.2d 103 (Fla. 1st DCA 1979), relied on by appellant, the plaintiff was lawfully stopped at a red light when struck by the defendant. The defendant testified he thought plaintiff was going to run the caution light and he tried to do the same. When plaintiff stopped for the red light, defendant ran into plaintiff’s vehicle. Similarly, in Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977), three cars were legally stopped at an intersection waiting to turn left. The defendant was travelling in the same direction with one vehicle between his car and the stopped cars. The car in front of him swerved and avoided the stopped vehicles, but the defendant was unable to stop and struck the stopped vehicles.
In the present case there existed a dispute as to whether appellant’s vehicle had stopped in a legal manner on the highway, and that issue was properly presented to the jury.
As to appellant’s argument on denial of her motion for new trial, we find there was competent substantial evidence to support the jury’s verdict..
Accordingly, the judgment is AFFIRMED.
SHAW and WENTWORTH, JJ„ concur.
ERVIN, J., dissents with opinion.