ERVIN, Judge,
dissenting.
I dissent because this case is indistinguishable from our decision in Cowart v. Barnes, 370 So.2d 103 (Fla. 1st DCA 1979). The evidence presented at trial established that appellant’s vehicle had been in its proper place on the highway and that she had been struck from behind by the appel-lee. Such evidence created a rebuttable presumption that the appellee was negligent. Cowart v. Barnes, supra.
This presumption was not rebutted by the appellee, who did not even establish that the appellant’s vehicle had stopped on the highway at the time of the collision. Neither did he establish that appellant stopped her vehicle quickly. Cf. Chiles v. Beaudoin, 384 So.2d 175 (Fla. 2d DCA 1980). Even if appellee proved at trial that appellant’s vehicle had stopped quickly, such evidence would not have been sufficient to rebut the presumption of negligence. See Cowart v. Barnes, supra; Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977); Kimenker v. Greater Miami Car Rental, Inc., 115 So.2d 191 (Fla. 3d DCA 1959).