468 So.2d 1059 (1985)
Carley SISTRUNK and Florida M. Sistrunk, His Wife, Appellants,
v.
Freeman H. DOUGLAS, James Edmon Johns, and General Accident Fire & Life Assurance Corp., Ltd., a Foreign Corporation Doing Business in Florida, Appellees.
No. AY-475.
District Court of Appeal of Florida, First District.
May 14, 1985.
Rehearings Denied June 7, 1985.
Richard B. Davis, Jr., Jasper, for appellants.
Jack W. Shaw, Jr., P.A. and S. Grier Wells of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
SMITH, Judge.
The jury found in favor of defendant-appellee in this negligence action arising out of a "rear-end" automobile accident. Appellant seeks reversal, contending that there was insufficient evidence to overcome the presumption of appellee's negligence, and that appellant was entitled to a directed verdict of liability against appellee. We disagree and affirm.
The facts here are that both appellant and appellee were driving on a four-lane section of U.S. Highway 90, west of Lake *1060 City, Florida, appellant in the lead, and appellee following. While passing a large tractor-trailer truck stopped just off the edge of the pavement on the right side of the highway, appellee veered slightly away from the truck and diverted his attention to the truck momentarily as he passed, so as to avoid any possible contact with the truck or anyone in the vicinity of the truck. The truck was so close to the highway he was afraid he was going to hit it, but he could not change lanes because of a closely following vehicle. At the same time, appellant, in the lead vehicle, was confronted with an emergency of his own in the form of another automobile entering the highway from an adjacent McDonald's Drive-In, directly into the path of his vehicle. As a consequence, appellant was required to suddenly apply his brakes in order to avoid a collision with the emerging car. After passing the parked truck and again directing his attention to the roadway ahead, appellee was unable to stop his car in time to avoid colliding with the rear of appellant's vehicle.
Although there is a presumption of negligence on the part of a driver who rear-ends another vehicle, this presumption is a rebuttable one, and is dissipated when a defendant produces evidence contrary to the presumption. Gulle v. Boggs, 174 So.2d 26 (Fla. 1965). See, Florida Evidence Code, Sections 90.302-.304, Florida Statutes (1976). Front-to-rear impact is thus not a litmus test for ultimate liability in collision cases.
A jury issue was presented whether appellee was acting reasonably under the circumstances when he momentarily diverted his attention to one potential traffic hazard, and was unexpectedly confronted with appellant's vehicle, which had suddenly decelerated in order to avoid a collision with the vehicle emerging into the highway in front of it. The Second District has appropriately characterized this type of situation as the "quick stop exception" to the presumption of rear-end negligence. Chiles v. Beaudoin, 384 So.2d 175 (Fla. 2d DCA 1980). The facts here are unlike those in Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977), in which the rear-ended plaintiff had stopped his vehicle behind two other vehicles which were also at a complete stop in order to await the passage of another vehicle making a left-hand turn in front of them. Here, there was obviously not a plaintiff who was "lawfully stopped in traffic," Brethauer, 347 So.2d at 657 (Cf. McNulty v. Cusack, 104 So.2d 785 (Fla. 2d DCA 1958)), but instead, a plaintiff proceeding normally along the highway who was suddenly confronted with an emergency braking situation. From the standpoint of appellee, the facts here are distinctly different from those in Brethauer. There are elements both of an emergency affecting the acts of the plaintiff, and a diversion of defendant's attention to the roadway ahead by a separate potential hazard not present in Brethauer or other cases relied upon by appellant. Cf. Cowart v. Barnes, 370 So.2d 103 (Fla. 1st DCA 1979).
In order to create a jury issue, it is not necessary, as appellant would apparently have us assume, for the following driver to prove that the accident was "unavoidable." It is only necessary for the following driver to offer a substantial and reasonable explanation for his actions. Gulle v. Boggs, supra; Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980); Brethauer v. Brassell, supra. It should be kept in mind that the presumption rule in Florida was born in a case in which there was a total absence of any explanation by the following driver. Gulle v. Boggs, supra, 174 So.2d at 28. The rule does not require the rear-car driver to eliminate every possible inference of negligence on his part in connection with the accident before he is entitled to have the jury decide the case. Obviously, if he carried this burden, then no rear-end accident case would be submitted to a jury, since under such circumstances the rear-car driver would be entitled to a directed verdict of non-liability. He is required only to produce evidence from which his exercise of reasonable care under the circumstances could *1061 properly be inferred by the jury. Whether appelles' explanation was sufficiently "substantial and reasonable," therefore, so as to require submission to the jury the issue of appellee's liability for negligence was for the trial judge's determination. Needless to say, the trial judge's ruling on this issue comes to us with a presumption of correctness, which we cannot say has been overcome by appellant.
AFFIRMED.
WIGGINTON, J., concurs.
SHIVERS, J., dissents with opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent.
In the absence of a "substantial and reasonable" explanation by the defendant, the plaintiff is entitled to prevail. See Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977).
In the instant case the only explanation offered was the suggestion that a distraction and the appellant's sudden deceleration made the accident "unavoidable." See Whitworth v. Cuchens, 397 So.2d 357 (Fla. 1st DCA 1981).
Appellee's explanation is "at best, a mere description of the nature of his distraction. It does not offer any substantial and reasonable explanation for his failure to avoid the collision." Brethauer, supra, at 657.
Although Chiles v. Beaudoin, 384 So.2d 175 (Fla. 2d DCA 1980) fashioned a "quick stop exception" to the presumption, that exception does not apply to the instant facts. In Chiles, the court ruled that where the plaintiff had suddenly stopped in a line of traffic, defendant did not have to rebut the presumption of negligence which normally applies. The case at bar may be distinguished in two ways: (1) the parties were traveling on a highway, presumably at a substantial rate of speed, and (2) appellant did not stop  but merely decelerated to allow a third vehicle to enter the high way.
Accordingly, since inattentiveness does not rebut the presumption (see Kimenker v. Miami Car Rental, Inc., 115 So.2d 191 (Fla. 3d DCA 1959); Brethawer, supra), I must dissent.