696 So.2d 769 (1996)
YELLOW CAB COMPANY OF ST. PETERSBURG, INC. and Eldon Melrose Anderson, Appellants,
v.
Chauncey BETSEY, Appellee.
No. 95-03689.
District Court of Appeal of Florida, Second District.
November 20, 1996.
*770 Stuart L. Lipshutz of The Thompson Law Group, P.A., St. Petersburg, for Appellants.
Frank Scott Williams, Tampa, for Appellee.
RYDER, Acting Chief Judge.
The Yellow Cab Company of St. Petersburg, Inc. and its driver, Eldon Melrose Anderson, seek review of a directed verdict and final judgment in this negligence action that arose as a result of a rear-end collision. Because we conclude that the appellants presented sufficient evidence to rebut the presumption of negligence, we reverse the directed verdict and final judgment and remand for a new trial. We also agree with the appellants that the trial judge erred in his denial of a setoff against the jury verdict of the settlement proceeds that the appellee received from the defendant TRM Copy Center Corporation.
The rear-end collision between the Yellow Cab taxi and the car driven by the appellee's aunt, Stephanie Armstead, was the second of two rear-end collisions that occurred in heavy traffic on the Howard Frankland Bridge over Tampa Bay. The first collision occurred when an unidentified vehicle rear-ended a TRM Copy Center pickup truck, which in turn rear-ended the Armstead vehicle. Shortly thereafter, the second collision occurred. The testimony is conflicting as to the time period between the two accidents, the speed with which the vehicles were travelling and whether the Armstead vehicle had completely pulled off the roadway at the time of impact. Ms. Armstead testified that after the first accident she maneuvered her vehicle to the right lane, pulled completely off the roadway onto the grass and exited the car before the second collision occurred. She was standing beside her car before the taxi cab rear-ended her car. She first stated that the time interval between the accidents was just a few minutes, but later, she could not recall how much time passed between the two accidents. Mr. Betsey, Ms. Armstead's nephew and a rear seat passenger in her car, was injured in the second accident. He testified that his aunt was travelling 55 miles per hour when the first accident occurred. Further, Mr. Betsey stated that the second accident occurred as the traffic was slowing down to view the vehicles on the side of the road, but he later stated that a full ten to fifteen minutes passed between the accidents.
Mr. Frey, the driver of the TRM pickup truck, testified that he was travelling 15 or 20 miles per hour when his truck struck the Armstead vehicle. He witnessed the second accident from his rear-view mirror after he pulled off the bridge in front of Ms. Armstead. First, he recalled that her vehicle was completely off the roadway when the second accident occurred, but later said that he could not tell one way or the other if she was completely off the roadway.
Mr. Anderson, the cab driver, testified that he was proceeding across the bridge at about 55-65 miles per hour when a semi-trailer suddenly braked, causing a sports car directly in front of him to turn sideways. Because he was unable to brake in time to avoid the sports car, he pulled off into the emergency lane to his right. As he entered the emergency lane to avoid the skidding vehicle and the truck, the appellee's vehicle also pulled off the roadway into the emergency lane. The appellee's vehicle had not even come to a full stop when he hit the rear of the Armstead vehicle. He was adamant that her vehicle was not in the grass but on the shoulder of the road, and that he was travelling about 5 to 10 miles per hour upon impact. He contended that he was responding to an emergency situation. Mr. Betsey was in the back seat of his aunt's vehicle when he saw vehicles slowing down and heard the slamming of brakes just prior to impact.
The trial judge, citing McNulty v. Cusack, 104 So.2d 785 (Fla. 2d DCA 1958), held that the facts created a presumption of negligence that was not rebutted by the defendant. He, therefore, directed a verdict for the plaintiff and so instructed the jury. The jury found for the plaintiff in the total amount of $63,500.00, apportioning ten percent negligence as to TRM and ninety percent as to Yellow Cab and Anderson. However, the verdict form contained an error which was not discovered until after the jury reached their verdict. The form asked the jury to add the total damages over future years to the present *771 value of those future damages. The plaintiff's counsel first admitted that there was an error and agreed to reduce it by $10,000.00. After counsel further discussed the problem with the judge, the judge asked the jury to determine if they intended to award that amount of damages. The jury then initialled the verdict form next to that entry, but made no change in the award.
After the trial, the defendants submitted a proposed final judgment which reflected a setoff for the TRM settlement and a collateral source payment as well as a reduction for the verdict form error. The judge entered a judgment in the full amount without setoff. Following a hearing on the plaintiff's motion to alter or amend the judgment, the trial judge vacated the final judgment and entered a final judgment which reflected the defendants' entitlement to a ten per cent reduction against the total economic losses element of damages because of the settlement. The basis for the ten per cent reduction was the jury's apportionment of ten per cent negligence as to TRM. The judge denied the plaintiff's further motions for new trial and for reconsideration of the jury verdict. This appeal followed.
A rebuttable presumption of negligence attaches to the driver of the rear vehicle in a rear-end collision. Klipper v. Government Employees Ins. Co., 622 So.2d 1141 (Fla. 2d DCA 1993); McNulty, 104 So.2d 785; Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977). The burden then shifts to the defendant to explain his inability to avoid the collision. 347 So.2d at 657. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, then the effect of the presumption is dissipated. Gulle v. Boggs, 174 So.2d 26, 29 (Fla.1965); Klipper, 622 So.2d 1141. In the absence of an explanation from the defendant, a directed verdict in favor of the plaintiff is proper. McNulty, 104 So.2d at 788. If the defendant produces evidence that fairly and reasonably shows that he was not negligent, the effect of the presumption disappears and negligence then becomes a jury question. Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980).
We conclude that the appellants adequately rebutted the presumption of negligence in showing that an emergency situation arose and that a jury must resolve the issue of negligence. Directed verdicts in negligence cases must be granted in an especially cautious manner. Phillips v. Van's Elec. of Lake Worth, Inc., 620 So.2d 253 (Fla. 4th DCA 1993). There is evidence in this case to support the nonmovant's position.
The existence of an emergency situation did not arise in McNulty, 104 So.2d 785, where the defendant presented no explanation for the rear-end accident. The situation was similar in Baughman, 390 So.2d 750, where the defendant produced only inadmissible evidence of a phantom vehicle and a police officer's opinion. Moreover, the defendant in Brethauer, 347 So.2d 656, did not offer any substantial or reasonable explanation for his failure to avoid a collision where the immediately preceding car swerved into another lane when he first saw and then struck the plaintiff's vehicle. Here, the appellants presented evidence of a sudden emergency caused by the sudden braking of a semi-trailer that, in turn, caused the following sports car to brake and travel sideways. The evidence is conflicting whether Ms. Armstead had travelled completely off the roadway, and she presented no evidence that her warning lights were illuminated or that her trunk was open to signal an emergency. Further, Mr. Betsey testified that he heard the sudden squeal of brakes prior to impact. The presence or absence of a sudden emergency is a question of fact for the jury. Thornton v. Longarzo, 182 So.2d 303, 304 (Fla. 2d DCA 1966). The slow moving traffic on the heavily congested bridge and the cab driver's testimony concerning his reaction to the sudden braking of a semi-trailer and the sports car is sufficient to rebut the presumption of negligence and require a jury to resolve the conflicts in the evidence. A jury may properly conclude that the first accident clearly created an emergency situation that contributed to the second accident and that the sudden braking of the semi-trailer and the appellant's attempt to avoid a collision with the sports car was a sudden emergency. We, therefore, reverse and remand for a new trial.
*772 Turning to the setoff issue, we conclude that the trial judge erred in denying the setoff of the TRM settlement proceeds. The judge's reliance on Maser v. Fioretti, 498 So.2d 568 (Fla. 5th DCA 1986), is misplaced because the accidents here were related. No view of the evidence could support the conclusion that at the time of the second accident, Mr. Betsey had recovered from any injuries he received from the first accident. Separate claims are not involved. The complaint alleges that "[t]he injuries from the accidents ... which occurred only moments apart, are overlapping and cannot be separated." Mr. Betsey complained that his neck hurt immediately before the second accident. The appellees incorrectly urge that setoff does not apply because the accidents were separate and distinct as evidenced by the jury's apportionment of ten per cent negligence to TRM. Settlement proceeds must be set off against the jury verdict where defendants are liable for the same injury. § 768.041, Fla.Stat. (1995). "[T]he settlement proceeds should be divided between economic and noneconomic damages in the same proportion as the jury's award." Wells v. Tallahassee Mem. Regional Med. Center, 659 So.2d 249, 254 (Fla.1995). The jury here awarded damages exclusively for lost earning capacity and past and future medical expenses, and, therefore, one hundred per cent of the settlement would be set off against the jury verdict. Upon retrial, the court must look at that jury's apportionment to determine what percentage of the settlement should be set off against a jury verdict for the plaintiff.
We are certain that the parties will more carefully proofread the verdict form upon retrial so as to avoid the error that occurred here. The verdict form clearly and mistakenly asked the jury to add together the future value of the plaintiff's medical expenses and the present value of the same figure.
Finally, we affirm without discussion the trial judge's exclusion of individuals from the verdict form who, according to the appellants, were responsible for or who contributed to the appellee's injuries. Six months prior to the accidents, several individuals assaulted and battered the appellee at his school. Their names were properly excluded from the verdict form.
Affirmed in part, reversed in part and remanded for new trial.
CAMPBELL and FRANK, JJ., concur.