PER CURIAM.
Appellant Marcellus timely appeals a final judgment entered after a jury verdict rendered in favor of Cronan in an automobile negligence action.
Marcellus filed a complaint against Cro-nan, asserting Cronan was negligent for rear-ending a vehicle in which Marcellus was a passenger. At trial, counsel for Marcellus requested that the jury instruction pertaining to the presumption of negligence in rear-end automobile accidents be given to the jury. The trial court declined to give such instruction, finding that sufficient testimony had been presented to the jury indicating that the vehicle in which Marcellus was a passenger may have been improperly parked or stopped on the shoulder of a roadway at the time of the accident, versus properly positioned waiting for traffic to move forward.
‘“A rebuttable presumption of negligence attaches to the driver of the rear vehicle’ ” when a rear-end collision occurs. Ortlieb v. Butts, 849 So.2d 1165, 1168 (Fla. 4th DCA 2003) (quoting Yellow Cab Co. of St. Petersburg, Inc. v. Betsey, 696 So.2d 769, 771 (Fla. 2d DCA 1996)). However, the presumption of negligence may be rebutted, if the defendant driver presents “ ‘evidence which fairly and reasonably tends to show that the real fact is not as presumed.’ ” Id. (quoting Yellow Cab, 696 So.2d at 771 and citing Gulle v. Boggs, 174 So.2d 26, 29 (Fla.1965)). If a defendant presents evidence at trial that fairly and reasonably rebuts the presumption of negligence, the issue of the defendant’s negligence must then be presented *366 to the jury for determination without the aid of the presumption. Id. (citing Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980)).
Despite Marcellus’s argument that the automobile accident at issue was the result of a rear-end collision, the trial court found Cronan had presented sufficient evidence to the jury that fairly and reasonably tended to show that Cronan was not negligent, thereby, rebutting the presumption of negligence that would arise in a standard, rear-end collision case. We agree. As such, under the facts of this case, we find that the trial judge properly denied Marcellus’s request to give the instruction pertaining to the presumption of negligence in rear-end collision accidents.

Affirmed.

GUNTHER, HAZOURI, JJ„ and METZGER, ELIZABETH A., Associate Judge, concur.